The Omaha and Northern Nebraska Railway Company, plaintiff in error, v. John I. Redick, defendant in error.

Railroads: Occupation of land belonging to director: Ejectment does not lie. R. was one of the original projectors of the O. & N. W. R. R., owned more than one-fifth part of its capital stock, and was an active member of its board of directors during the whole life of said corporation. In 1869 the line of the road was laid out and established, and the first ten miles graded passing over and occupying a tract of land belonging to R. No objection was ever made by R. to the occupation of his land by said railroad track. In May, 1871, the first twenty-six miles of the railroad, including that part crossing the land of R., was conveyed by said railroad company by deed of trust to secure the payment of certain bonds therein described. In 1878 the said deed of trust was foreclosed in equity, and the said railroad sold to satisfy the principal and interest due on said bonds. Defendant holds its title to said railroad under such sale. Afterwards R. brought ejectment against defendant O. & N. N. R. R. Co. to eject it from said land. Held, That such action could not be sustained.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*John D. Howe*, for plaintiff in error, cited: *Erie R. R. Co. v. D. L. & W. Co.*, 21 N. J. Eq., 288.    *C. R. R. Co. v. Pelfield*, 5 Dutcher (N. J.), 206.    *Pettibone v. La Crosse R. R.*, 14 Wis., 479 and cit.    *Pusey v. Wright*, 31 Pa. St., 387.    *Hornback v. C. & Z. R. R.*, 20 Ohio St., 81. *Wetherell v. Brobst*, 23 Iowa, 586.    *Wilson v. Chalfant*, 15 Ohio, 248.    *L. M. R. R. v. Whitacre*, 8 Ohio St., 591–4.    *City of Columbus v. Dahn*, 36 Ind., 330.    *Richmond v. Dubuque, &c., R. R.*, 33 Iowa, 422.    *Dietrick v. Murdock*, 42 Mo., 279.    *E. P. R. R. Co. v. Schollenberger*, 54 Pa. St., 144.    *Hanlon v. Wilson*, 10 Neb., 138 at 142.    *McAuley v. W. R. R. Co.*, 33 Vermont, 311. *C., B. & Q. v. Knox College*, 34 Ills., 195.    *Austin v. Rutland Ry. Co.*, 45 Vt., 215.    *Dale v. Hunneman*, 12 Neb., 221.    *Sappington v. Little Rock R. R.*, 37 Ark., 23.    *Kutz v. McCune*, 22 Wis., 628 at 631.

*Redick & Redick* and *John I. Redick*, for defendant in error, cited: *Purcell v. Miner*, 4 Wall., 517.    *Carrolls v. Cox & Shelley*, 15 Iowa, 455.    *Conway v. Smith and wife*, 13 Wis., 142.    *Downer v. Smith*, 24 Cal., 114.    *Sherman v. Milwaukee, Lake Shore & Western Railroad Company*, 40 Wis., 645.    87 Penn. State, 28.    *Railroad v. Robbins*, 35 Ohio State, 531.    Pierce on Railroads, 230.

COBB, J.

This was an action of ejectment for the possession of a forty-acre tract of land. The defendant in the court below in its answer disclaimed "all claim of title, or possession, or right of possession in or to all of the real estate described in the petition, except that portion thereof included in the right of way ground of its said railroad,

to-wit: a strip 100 feet wide containing about $1\frac{1}{3}$ acres running across the north-east corner of said tract, said right of way ground extending 50 feet each way from the center of the track of said railroad," etc. Admitted " that it is by itself and its grantees in possession of said right of way grounds, but denies that its said possession is unlawful or that the plaintiff owns the same in fee simple, or is entitled to the possession thereof." Also averred " that it owns and at the period named in the petition did own said right of way ground, and is and all said time has been entitled to the possession thereof."

The cause was tried to the court, a jury being waived, with finding and judgment for the plaintiff. A motion for a new trial being overruled the cause is brought to this court on error.

Plaintiff in error makes the following points:

1. That the findings and decision of the court are not sustained by sufficient evidence.

2. That the same are contrary to law.

3. That the court erred in admitting in evidence testimony offered by the plaintiff below over the objection and exception of the defendant below, and also in refusing to admit in evidence testimony offered by defendant below, etc.

It appears from the record that the plaintiff below was one of the projectors of the Omaha and Northwestern Railroad, the owner of more than one-fifth of the capital stock of the company, and an active member of the board of directors during the lifetime of said corporation. During this time, and in the latter part of 1869 and fore part of 1870, the first ten miles of said railroad were built extending across the corner of the forty-acre tract of land belonging to the plaintiff below and described in the petition. It was claimed by the plaintiff in error, in the court below and in this court, that all of the stockholders being directors and all owning lands appropriated by the company for

right of way purposes, including the plaintiff below, mutually agreed to donate and convey the right of way to the said company over their several tracts of land respectively. That each of the other stockholders and directors, except the defendant in error, made such conveyances, but that he, after having several deeds drafted for such purpose, failed to execute any of them.   This is testified to by Mr. Budd and Mr. Harbach, officers of the said company, but is denied by defendant in error in his testimony, and as the trial court found for the plaintiff it must be considered in this court as not proven.   I think that had the district court found that the plaintiff donated the right of way to the railroad company that such finding would have been sustained by the evidence.   In such case the donation having been accepted and acted upon for nearly ten years could not now be revoked by the donor.   But it did not; but must have found to the contrary, and there being a conflict of evidence such finding will not be disturbed.

But it is not denied, nor can it be, under the evidence, that the plaintiff knowingly permitted the company to occupy his land with its railroad track, nay, that in one sense, as an active member of the board of directors, he with his associates built the road over his land and allowed it to remain there for at least seven years.   It is probable that at any time during this period he could have caused the company, of which he was an influential official member, to move for the assessment of his damages for the said right of way; but certain it is that as an individual landowner, and antagonistic to the company, he could at any time have procured the assessment of such damages and collected the same from the company by legal process. But he did not resort to this remedy by either of the two methods thus open to him.   It also appears that during this time the railroad company, with the active and efficient assistance of the plaintiff as one of its board of directors, issued and negotiated bonds to the amount of sixteen

thousand dollars per mile, and executed a mortgage on the road to secure their payment. That said mortgage was afterwards defaulted and foreclosed, the railroad sold thereupon, and that the plaintiff in error—defendant in the court below—derives its title to and possession of the said railroad by virtue thereof. Upon these facts it is claimed that the plaintiff is estopped to eject the defendant from its said right of way across his land, or even to claim damages from it for the said right of way. But I do not deem it necessary to pass upon that question here, and I do not.

The rights of property, however sacred and guaranteed by the constitution and the laws, yet must be held and enjoyed in relation to the rights of others. While property in the possession of the owner may be kept and enjoyed by him with little or no respect to the wants or wishes of other people, yet when he once suffers it to pass from his own possession and control into that of others, either with or without consideration, the law limits him in the manner of re-possessing him of it, and this limitation can only be measured by the facts of each case as it arises.

In the case of *Right v. Beard*, 13 East., 210, the law is stated in the syllabus as follows: "One who is put in possession upon an agreement for the purchase of land cannot be ousted by ejectment before his lawful possession is determined by demand of possession or otherwise."

It is also true that under the constitution and laws of this state the assessment of damages and payment or deposit of the amount is a condition precedent to the vesting of the title or of any right in the company to construct their road. But these conditions are susceptible of being waived, and as said by Ch. J. Redfield, in the case of *Mc Auley v. Western Vt. R. R. Co.*, 33 Vt., 311: "In these great public works the shortest period of clear acquiescence, so as fairly to lead the company to infer that the party intends to waive his claim for present payment, will be held to include the right to assert the claim in any such form

as to stop the company in the progress of their works, and especially to stop the running of the road after it has been put in operation, whereby the public acquire important interests in its continuance."

Whatever rights the plaintiff may have against the present plaintiff in error, growing out of this right of way question, and whether he is estopped *in pais* to assert any or all of them, it seems clear to me that he is not entitled to a judgment that would enable him to sever a line of commerce which, by his assent if not through his active agency in part, was constructed over this same property, and has enjoyed free passage over it for at least seven years.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

THE other judges concur.