FRANK M. STRATTON v. OMAHA & REPUBLICAN VALLEY RAILROAD COMPANY.

FILED JUNE 30, 1893.   No. 3972.

Ejectment: TITLE.   Where one in possession of land under an executory contract for the purchase of the same conveys to a railroad company a strip of said land for its right of way, and afterwards by *mesne* assignments of the interest of the respective

holders of said executory contract, the right to a deed thereunder
vests in one who takes such an assignment and a deed thereun-
der with full knowledge of the conveyance of said right of way
and of the operation of a railroad line thereon for almost ten
years, with full acquiescence of all parties concerned, it was
properly adjudged by the district court that ejectment would
not lie in favor of the holder of such deed against said railroad
company for the possession of said right of way strip.

ERROR from the district court of Saunders county. Tried
below before POST, J.

*J. R. Gilkeson* and *H. Gilkeson*, for plaintiff in error.

*J. M. Thurston* and *W. R. Kelly, contra.*

RYAN, C.

This was an action of ejectment brought in the district
court of Saunders county, Nebraska, for the possession of
a strip 200 feet in width along the west side of the north
half of the southeast quarter of section 3, township 14,
range 7 east, of the 6th P. M.    This strip has been occu-
pied for right of way, depot grounds, and other railroad uses
by the defendant since October, 1876.    The eighty-acre tract
of which said strip was a part was patented by the general
government to the Union Pacific Railroad Company March
6, 1875, though the patentee under an act of congress was
entitled to such patent long before its date and anterior to
any transaction hereinafter narrated.    As the above strip
was part of the northwest quarter of said southeast quar-
ter the history of said forty-acre tract need alone receive
our attention.

On the 30th day of July, 1873, the Union Pacific Rail-
road Company contracted in writing with George H. Stock-
ing to convey to him, in consideration of prompt payment
of the purchase price, the forty-acre tract last described,
reserving, however, "a strip of land 400 feet wide, to be
used by the party of the first part (the Union Pacific Rail-

road Company) for right of way or other railroad purposes in case the line of the road has heretofore, or shall be, laid over the premises." . On the 24th day of October, 1876, the said George A. Stocking, his wife Emma C. joining him, conveyed the right of way in dispute to the defendant in this action by a right of way deed, which was filed for record October 25, 1876. Defendant soon afterward built its line of railroad upon said right of way, and has ever since continued to use and occupy the same for railroad purposes. On January 19, 1878, Stocking assigned all his interest in said executory contract to one Perky, by whom a like assignment thereof was made to one Knapp. Afterward, on June 20, 1878, Knapp assigned in like manner an undivided half interest in said contract to plaintiff, which on March 29, 1879, was followed by an assignment, between the same parties, of the other undivided half. Each holder of said executory contract retained possession of the tract therein described, except that defendant retained and used the strip referred to for right of way purposes until September 26, 1883, and even then and thenceforward defendant's possession has continued as before. On the date last mentioned, the Union Pacific Railroad Company executed to plaintiff a conveyance of the north half of the southeast quarter of the section above described, pursuant to the terms of two contracts therein described, one of which is that above referred to; the said conveyance reciting that it is "in pursuance and fulfillment of which said contracts this conveyance is made and executed." This conveyance contained the following language following the description of the subject-matter thereof: " Reserving, however, to the said Union Pacific Railway Company all that portion of the land hereby conveyed (if any such there be) which lies within lines drawn parallel with and one hundred feet on each side distant from the center line of its road as now constructed, and any greater width when necessary permanently to include all its cuts,

embankments, and ditches, and other works necessary to secure and protect its main line."

Plaintiff claims that he ought to recover from the defendant the right of way strip conveyed by Stocking and wife, notwithstanding such conveyance and the above quoted language, for the alleged reason that the deed of Stocking was but a quitclaim deed of a strip of which the Union Pacific Railway Company at the time held the legal title; that by such quitclaim deed the grantee was only vested with such interest in the property as was at the time held by the grantor, which was less than the legal title, which never passed until vested in plaintiff; and that plaintiff by virtue of said legal title should have had a judgment of ouster against defendant in this ejectment suit. This claim has sufficient plausibility to deserve consideration.

At the time Stocking made a conveyance of the right of way to the defendant, the Union Pacific Railway Company was holding the legal title to the forty-acre tract as trustee for the use of Stocking, and compellable to convey to him upon his making payments as agreed. Each assignee under Stocking took only the interest which his immediate assignor had in said tract; meantime the defendant was holding continuous possession under and by virtue of its deed from Stocking. There can be no question that the original entry of the defendant upon the right of way was lawful, and so continued, at least while Stocking held the contract in question. We are at a loss to conjecture just when it is assumed that such possession became wrongful. It seems, however, to be contended by the plaintiff, that at the date of the deed of the Union Pacific Railway Company to plaintiff, such possession, as against plaintiff, became illegal. In this view we cannot concur. It might be that the covenants in the deed of the Union Pacific Railway Company were already broken when made, but that does not affect the merits as between the parties to this controversy. If, upon due legal proceedings, it shall be established that there has

been a breach of the Union Pacific Railroad Company's warranties to plaintiff, such breach might be satisfied in damages in a proper action between those parties as covenantor and covenantee. The plaintiff in this action, however, who has taken the legal title with full knowledge of the possession held by the defendant for almost ten years under a deed from Stocking, through whom plaintiff claims by mere assignment of his interest, is not in a position to maintain ejectment against the defendant. There are between the parties equities which cannot properly be ignored, as must be done if plaintiff is adjudged entitled to maintain this action. The following language of COBB, J., in *Omaha & N. N. R. Co. v. Redick*, 16 Neb., 313, applies to the facts under consideration; "Whatever the rights the plaintiff may have against the present plaintiff in error, growing out of this right of way question, and whether he is estopped *in pais* to assert any or all of them, it seems clear to me that he is not entitled to a judgment that would enable him to sever a line of commerce which by his assent, if not through his actual agency in part, was constructed over this same property, and has enjoyed free passage over it for at least seven years." The judgment of the district court is

AFFIRMED.

THE other commissioners concur.