### MAFFET v. QUINE.

#### (Circuit Court, D. Oregon. March 15, 1899.)

#### No. 2,540.

1. PUBLIC LANDS—RESERVATIONS IN PATENT—RIGHT OF WAY FOR DITCHES OR CANALS.

To bring a right of way for a ditch or canal within a reservation in a patent for public lands in pursuance of Rev. St. § 2339, in favor of such rights, when they have accrued and vested under local customs, laws, and decisions, it is not necessary that a local custom in the immediate vicinity be shown, but it is sufficient if such custom is established with reference to the state as a whole.

2. SAME.

When land included in a railroad grant reverts to the government, a subsequent patentee under the homestead laws takes the title subject to the right of way for a ditch or canal over it which was acquired prior to his entry; and it is immaterial whether the appropriation was made prior or subsequent to the time the government was reinvested with title.

3. EMINENT DOMAIN—APPROPRIATION OF RIGHT OF WAY—SUBSEQUENT CONVEYANCE OF LAND.

When a company having the power of eminent domain has entered into possession of land necessary for its corporate purposes, whether with or without the consent of the owner, a subsequent vendee of such owner takes the land subject to the burden placed upon it, and the right to payment or damages from the company belongs to the owner at the time it took possession.

4. SAME—PUBLIC USE—FLUME FOR CARRYING LUMBER.

The construction of a flume to convey lumber from mills to a city is a work of such a public character as will authorize the condemnation of right of way therefor under the statutes of Oregon.

5. INJUNCTION—INTERFERENCE WITH USE OF EASEMENT.

Defendant acquired the ownership of land over which a flume had previously been constructed by a mill company, and continued to reside upon it for a number of years, without making any objections to the maintenance of the flume, until he sought to collect a claim from the mill company for wages. It appeared that his damages from the existence of the flume were merely nominal. *Held*, that the company was entitled to a preliminary injunction to restrain him from committing a threatened injury to the flume.

E. B. Watson and Geo. W. Joseph, for plaintiff.
Ralph R. Duniway, for defendant.

BELLINGER, District Judge. During the years 1887 and 1888 the Latourell Falls Wagon Road & Lumber Company, a corporation, located and constructed a flume for a distance of some four miles, connecting their lumber mill with the town of Latourell. This

flume was constructed of lumber, and crossed the land owned by the defendant, Quine. The plaintiff has succeeded to the property and rights of the Latourell Company. There is a question as to whether this land, at the time the flume was constructed, was public land of the United States, or whether it belonged to the Northern Pacific Railroad Company under its land grant. In 1892, Quine, the defendant, settled on the land, and made homestead application therefor, and about 1896 obtained his patent. The plaintiff alleges that the defendant, on about the 21st day of last January, broke down and destroyed a portion of the flume where it passes across his land, and thereby prevented the use of the flume in the transportation of the manufactured product of plaintiff's mill to point of shipping. The suit is brought for an injunction to restrain the defendant in the commission of the acts complained of, and the questions arising between the parties are now presented upon an application for a preliminary restraining order.

It is alleged that the flume, water, and water rights affected are of the value of $10,000. The patent of the defendant vests the title to the land in him, "subject to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes recognized and acknowledged by the local customs, laws, and decisions of courts." The reservation in the patent in favor of right of way for the construction of ditches and canals where rights thereto have accrued under the local laws is in pursuance of section 2339 of the Revised Statutes, which provides that:

"Whenever, by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed; but whenever any person, in the construction of any ditch or canal, injures or damages the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage."

It is contended in behalf of the defendant that no local custom recognized by the local laws or decisions of courts exists in the vicinity where this flume has been constructed, and it is further contended that at the time of such construction the land in question belonged to the Northern Pacific Railroad Company under its grant from congress, and that, therefore, the right of way claimed could not vest in the plaintiff's grantor, such lands not being at the time public lands of the United States. I am of the opinion that the local custom need not be proved with reference to the specific locality where the right is claimed; that it is sufficient if such custom is established with reference to the state as a whole. And it is common knowledge that the right to appropriate water is recognized by the local laws and by the decisions of the courts for irrigation and for manufacturing and agricultural purposes. Moreover, it is established by the testimony in this case that such custom exists with reference to flumes and water rights along the Columbia river, and in the vicinity of the premises in controversy.

As to the second question, it is immaterial whether these lands were covered by the grant to the Northern Pacific Railroad Company or not. If they so were, there must have been an interval of time when their ownership was reinvested in the government of the United States, in order to enable them to be taken under the homestead laws, and at such time the pre-existing appropriation and use would be as effective as if subsequently made, and when the title had so reinvested in the government. Moreover, it is settled that where a company having the power of eminent domain has entered into possession of land necessary for its corporate purposes, whether with or without the consent of the owner of such land, a subsequent vendee of the latter takes the land subject to the burden thus placed upon it; and the right to payment from the company, if it entered by virtue of an agreement to pay, or to damages if the entry was unauthorized, belongs to the owner at the time the company took possession. Roberts v. Railroad Co., 158 U. S. 1, 15 Sup. Ct. 756; Railroad Co. v. Murray, 31 C. C. A. 183, 87 Fed. 648. This doctrine applies in a case of this character. It may be questioned whether the company taking the right of way must have the power of condemnation; but, where such power exists, the established rule is that the owner at the time the possession was taken is entitled to the resulting damages where the entry was unauthorized, and that such damages cannot be recovered by the subsequent grantee of the premises. That a company like this has the right of condemnation is held in the case of Lumbering Co. v. Urquhart, 16 Or. 67, 19 Pac. 78. Now, independently of these considerations, the facts that this defendant settled upon this land four or five years after this flume was constructed and in operation, and has continued to reside upon it until last January, without making objection to the existence of this flume, or complaint concerning it; that the damages suffered by him appear to be merely nominal; that the acts complained of were prompted on his part because of the nonpayment of a claim for wages due from the plaintiff company, or from its grantor,—show that his act is merely vexatious, and that he is not entitled to the favorable consideration of a court of equity; that he has taken this step as a means for the collection of his debt, and not to protect any rights he may have in the land which is the subject of the easement claimed by the plaintiff. The preliminary injunction will be allowed.