No. 12,981.

MacKenzie v. Corley.
(29 P. [2d] 1044)

Decided January 15, 1934. Rehearing denied March 5, 1934.

Mr. H. R. WALDO, Mr. JOHN M. MEIKLE, for plaintiff in error.

Messrs. STRICKLER & WENDELKEN, Messrs. HANEY & JACKSON, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE plaintiff in error was plaintiff in the trial court and by his complaint, according to the prayer thereof, sought to quiet the title to a certain strip of land theretofore used for a railroad right of way across property of which he is now the owner; sought to enjoin the defendant from trespassing on said property and seeks to recover possession thereof. He now asks this court to review an adverse judgment.

Prior to January 26, 1900, the Colorado Springs and Cripple Creek District Railroad Company was incorporated under the laws of Colorado as a railroad and common carrier. On said date, its petition for condemnation for a right of way across a portion of the land now owned by plaintiff was filed in the district court of El Paso county, Colorado. Thereafter the court directed con-

demnation and appointed a commission which made its report of appraisal upon said strip of land at $31. In May, thereafter, the court ratified and approved the report and by its decree gave the railroad company the right to "enter and enjoy in fee simple, for its purposes or the transaction of its business or for right of way or for any other lawful purpose connected with or necessary to its operation."

Immediately thereafter, the railroad company began construction, completed same and operated its railroad until November 16, 1922. Shortly before that date, a receiver had been appointed for said railroad company in the United States district court, who on November 16, 1922, by order of court, did by deed sell, assign, convey and deliver to defendant all property of every kind and description of said railroad company for $370,000.

Thereafter, the defendant began dismantling said railroad company's road by removing the tracks, and converted the right of way of said railroad company into a toll road for vehicular and similar traffic, established toll stations, and collected toll from the users of said road.

Plaintiff claims and contends that this was a change in the granted use of said land for railroad right of way purposes; that the use for which the land was taken had ceased; that plaintiff had a reversionary interest in said lands; that same was taken by defendant without authority; that plaintiff could not be deprived of occupation of said lands after the reversion, if same were to be put to another use, without recondemnation and compensation therefor.

The defendant answered admitting ownership in plaintiff of the quarter section of land; denied other allegations of the complaint and claimed ownership of the one hundred foot strip across the quarter section, and alleged possession by virtue of his deed from the receiver; set out his right to traverse public lands of the United States by virtue of a permit for toll road issued to him by the secretary of agriculture in May, 1924; that said toll road

in all events is to become property of the general public not later than 15 years after May 6, 1924; that plaintiff acquired his property with full notice and knowledge that said toll road traversed the same and that the defendant claimed said toll road and was exercising full authority thereover; that plaintiff had knowledge that defendant was planning to spend large sums of money in converting the railroad right of way into a toll road, and that he made no objection to the expenditure or the conversion for a long time after said toll road was opened for use; that plaintiff and his predecessors acquiesced in the conversion and generally that the one hundred foot strip of ground across plaintiff's property is required as a way of necessity to connect other portions of said toll road; that the use of said right of way as a toll road is the same general purpose and public need as was the railroad; that no additional burden was placed upon the property owners adjoining said right of way; denies that the easement granted to the railroad company has ceased, and alleges a continuation for the same general purposes.

Plaintiff's demurrer to this answer was overruled and plaintiff replied admitting and denying certain allegations of the answer and set up certain new matter in opposition to the affirmative defenses and specifically denied that the constructing, operating and maintaining of said toll road was with the consent or authorization of plaintiff or his predecessors in interest, and alleges, to the contrary, that it was accomplished against the protest and objection of this plaintiff and his said predecessors in interest. A general demurrer to plaintiff's reply was sustained and on plaintiff's refusal to plead further, the court entered its order of dismissal and the plaintiff prosecutes this writ. Error is assigned to the action of the court in overruling plaintiff's demurrer to the answer and in sustaining defendant's demurrer to the replication.

This case has been treated by both parties as an action in ejectment; however, we find it unnecessary to discuss

the many questions raised and ably argued by the briefs in this case, for the reason that the demurrers filed herein have searched the record and disclose the complaint and its prayer to be one in the usual form, with the customary averments and prayer, to quiet title to real estate.

 The complaint on its face was insufficient as a complaint in a quiet title action for lack of necessary allegation of possession. However, to this complaint, an answer was filed alleging ownership and possession and the defendant prayed for a dismissal of the complaint and that the rights and powers of the defendant and his successors in title, as to said right of way, be by appropriate decree fully declared. This answer gave the court equity jurisdiction to determine the controversy. When the plaintiff filed his reply alleging ownership and right to possession and affirmatively set up his interest, an issue was made.

It is apparent from the record in the case that the court as well as the parties hereto considered this suit as an action in ejectment. The court determined in its ruling on the demurrer to the answer that a defense had been stated. A study of defendant's answer, in our opinion, discloses one substantial defense, if proven, namely, that plaintiff's immediate grantor was the owner and in possession of the land traversed by his right of way at all times during the use of said right of way for railroad purposes and also at the time of the abandonment of the use of said right of way by the railroad as well as at the time defendant took possession and converted same for use as a toll road, and retained said ownership one and one-half years after said toll road was open for use to the public and during all of the time acquiesced in the change of use, and the use by defendant, and that long after defendant had so constructed and operated said toll road, plaintiff herein acquired his title.

 It is well settled that if this land owner knew that defendant was changing the use of said right of way

from railroad uses and purposes to that of toll road uses and purposes and allowed the defendant, without objection, to make expenditures in construction of said toll road, he is estopped from maintaining either trespass or ejectment for the entry for such changed use; he is restricted to a suit for damages. In law he is regarded as having acquiesced in such action on the part of the defendant, and his grantee (the plaintiff herein), taking title with same notice, is also estopped from maintaining an action in ejectment or trespass, and cannot recover damages for the occupation thereof by defendant. This right, that is, to recover damages, belonged to the original owner alone, if pursued in apt time, and did not pass with the land to his grantee. This principle is borne out in *Roberts v. Northern Pac. R. R. Co.*, 158 U. S. 1, 15 Sup. Ct. 756; *Penn Mut. L. I. Co. v. Austin*, 168 U. S. 685, 18 Supt. Ct. 223; *Maffet v. Quine*, 93 Fed. 347; *Pryzbylowicz v. Missouri Riv. R. Co.*, 17 Fed. 492; *Chicago, B. & Q. R. Co. v. Englehart*, 57 Neb. 444, 77 N. W. 1092; *Northern Pac. R. R. Co. v. Smith*, 171 U. S. 260; *McAulay v. Western Vt. R. R. Co.*, 33 Vt. 311; *Omaha & Northern Nebr. R. Co. v. Redick*, 16 Neb. 313, 20 N. W. 309; *Goodin v. Cincinnati & Whitewater Canal Co.*, 18 O. St. 169; *Denver & S. F. Ry. Co. v. School District*, 14 Colo. 327, 23 Pac. 978; *Indiana B. & W. Ry. Co. v. Allen*, 100 Ind. 409, which are cited with approval in a specially concurring opinion of this court in *Denver & R. G. R. R. Co. v. Doelz*, 49 Colo. 48, 111 Pac. 595.

█ The above valid allegations of acquiscence as alleged in defendant's answer were specially denied in plaintiff's replication. This formed an issue and required proof. Therefore, the court was in error in sustaining defendant's demurrer to the plaintiff's replication and dismissing the complaint.

The judgment is reversed and the cause remanded for trial in accordance with the views herein expressed.

Mr. Justice Campbell and Mr. Justice Bouck not participating.