CHAUNCY L. MAPES, Appellee, *vs.* THE VANDALIA RAIL-
ROAD COMPANY, Appellant.

*Opinion filed February 19, 1909.*

1. EJECTMENT—*in Illinois ejectment will lie to recover portion
of railroad right of way.* In Illinois the interest of the public in
the continuous operation of a railroad is not regarded as ground for
precluding an action of ejectment against a railroad company for
a portion of its right of way used in the performance of its duties
as a common carrier.

2. SAME—*fact that person acquires title after railroad has pos-
session is no defense.* The fact that a person acquires title to a
tract of land after a railroad company is in possession of a strip
across such land for right of way is no defense to an action of
ejectment against the railroad company to recover such strip.

3. SAME—*when demand for possession is not necessary.* The
consent of a life tenant to the entry of a railroad company upon
the land to build a railroad makes the original entry lawful but
does not extend the license beyond the continuance of the life es-
tate, and upon the termination of the life estate the possession of
the railroad company becomes unlawful, and no notice or demand
is necessary before the bringing of ejectment by the holder of the
legal title, there being no privity between him and the company.

4. SAME—*when giving judgment for entire tract is error.* Giv-
ing judgment for the possession of the whole tract of land owned
by the plaintiff in ejectment is error, where the stipulation shows
that the defendant is in possession only of a strip fifty feet wide,
used for its right of way across such tract.

APPEAL from the Circuit Court of Edgar county; the
Hon. M. W. THOMPSON, Judge, presiding.

JOSEPH E. DYAS, for appellant.

F. W. DUNDAS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellee brought ejectment against appellant for the
north-west quarter of the north-east quarter and the north
half of the north-east quarter of the north-east quarter of

section 11, town 12, north, range 11, west of the second. principal meridian, in Edgar county. There was a trial and judgment for the plaintiff. A new trial having been granted under the statute, the plaintiff again recovered a judgment, from which the defendant has appealed.

The appellant pleaded the general issue, a denial of possession except as to a strip 1248¼ feet long and 50 feet wide, running diagonally across said land in a south-easterly direction and used and occupied by said defendant as a right of way for its railroad, and a plea that no demand of possession was made before suit brought.

The facts are all contained in a stipulation of the parties, whereby it appears that the appellee is the owner in fee of the premises described in the declaration; that the said premises were assigned as dower in 1868 to Edna Knight, who died in 1900; that the said Edna Knight, in 1874, while in possession of the said premises, gave written permission to the Paris and Terre Haute Railroad Company to enter upon said land and construct a railroad thereon, which said railroad company did; that the said railroad company and its successors and assigns have ever since its construction been in possession of and operated the railroad so constructed, and that the appellee has succeeded to the right of the Paris and Terre Haute Railroad Company and is in the possession of and is operating said railroad.

It is insisted by appellant that because of the interest of the public in the continuous operation of a railroad, ejectment will not lie against a railroad company for a portion of its right of way used in the performance of its duties as a common carrier. Cases are cited from other jurisdictions sustaining this position, but our decisions have determined this contention adversely to appellant's claim. *Chicago, Burlington and Quincy Railroad Co.* v. *Knox College,* 34 Ill. 195; *Smith* v. *Chicago, Alton and St. Louis Railroad Co.* 67 id. 191; *Chicago and Alton Railroad Co.* v. *Smith,* 78 id. 96; *Chicago, Peoria and St. Louis Railway Co.* v.

*Vaughn,* 206 id. 234; *Edwardsville Railroad Co.* v. *Sawyer,* 92 id. 377.

It is next said that a purchaser of land over which a railroad has previously been constructed cannot recover damages for depreciation in the value of the property on account of the construction of the railroad because such damages accrued to the former owner, and it is to be presumed that the purchaser made allowance for the amount of the depreciation in the price paid for the land. It is then argued that in acquiring the title the appellee is presumed to have bought the land with the disadvantage of the railroad upon it and to have paid a decreased price on account of it, and cannot therefore be permitted to recover the part of the land occupied by the railroad for the existence of which he has already been compensated in the purchase price paid for the land. The argument is not applicable in this case. The controversy here is in regard to the title to the land. Whether appellee paid much or little or anything for the land, or whether it has been damaged by the construction of the railroad, are questions which do not affect the issue. Appellee being the owner is entitled to the possession unless appellant has proved a defense, and it is not a defense to show that the appellant took possession of the premises before appellee acquired his title. (*Postal Telegraph Co.* v. *Eaton,* 170 Ill. 513.) In fact, however, it does not appear that the appellee is a subsequent purchaser. For all that appears he was the owner of the premises, subject to the dower right of Edna Knight, when the railroad company entered upon the land, in 1874.

It is finally contended that notice and demand of possession were necessary to entitle the appellee to maintain the action. Where possession of land has been acquired by the assent of the owner and has been long continued, the holding of possession may not be wrongful until demand of possession has been made. A different rule, however, prevails where the entry was wrongful in its inception or has

become so afterward. (*Holston* v. *Needles,* 115 Ill. 461; *Murphy* v. *Williamson,* 85 id. 149; *Harland* v. *Eastman,* 119 id. 22.) Here there was no consent to the entry by the owner, no relation of landlord and tenant. The consent of the life tenant made the original entry lawful but did not extend the right of the licensee beyond her own estate. At her death the appellant's possession became unlawful, and there being no privity between appellant and appellee no notice was required before suit could be brought for the possession. The cases of *Chicago, Peoria and St. Louis Railway Co.* v. *Vaughn, supra,* and *Chicago and Alton Railroad Co.* v. *Goodwin,* 111 Ill. 273, which have been cited by appellant, do not hold that ejectment could not be maintained by the remainder-men in such case after the death of the life tenant.

The judgment was for the possession of the whole sixty acres while the stipulation shows that appellant was in possession only of a strip fifty feet wide, used for its right of way. The appellee concedes the error and offers to remit the excess of his recovery. The judgment will therefore be reversed and the cause remanded, with directions to enter judgment in favor of the appellee for the recovery in fee of the strip of land occupied by the appellant as a right of way for its railroad. The appellant ought not, however, to be required summarily to surrender the possession of a portion of its right of way and thus stop the operation of its railroad. The circuit court is therefore directed, upon entering judgment, to stay the execution thereof for thirty days, to enable the appellant to agree with appellee upon the compensation to be paid for the property, or to institute a condemnation proceeding for the purpose of ascertaining such compensation. The costs of this court will be taxed against the appellee.

*Reversed and remanded, with directions.*