# Lake Shore Building Company, Appellant, v. City of Chicago, Appellee.

## Gen. No. 22,656.

1. ACTION, § 61*—*when all damages for trespass must be recovered in one action.* Where a trespass is a permanent one, plaintiff must recover, if at all, for damages both past and future, in one action.

2. ACTION, § 61*—*what damages recoverable in one action where trespass is continuous.* Where a trespass is continuous, the aggrieved party may sue from time to time for damages sustained only within five years next preceding the filing of the suit, but not for future damages.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lake Shore Building Co. v. City of Chicago, 207 Ill. App. 244.

3. TRESPASS, § 11*—*what constitutes on land.* Where a person unlawfully places a structure of any kind upon the premises of another, he commits a trespass.

4. TRESPASS—*what constitutes continuing.* A city, in placing a permanent structure, a water supply tunnel, upon the premises of a property owner without his consent, commits a continuing trespass.

5. EMINENT DOMAIN, § 33*—*what are rights of owner as to taking of property for public use.* By constitutional enactment, every property owner is assured that his property will not be taken for public use without compensation.

6. TRESPASS, § 13*—*what is effect of plea of statute of limitations in action to recover damages for continuing trespass.* A plea of the statute of limitations, in an action to recover damages for a continuing trespass covering a period of more than five years, is a bar only to plaintiff's right of recovery for damages accruing more than five years preceding the commencement of the action.

7. TRESPASS—*when counts alleging continuous trespass are not obnoxious to general demurrer.* Although counts alleging a continuous trespass, otherwise good, do not limit plaintiff's right to a recovery for the statutory period and seek to recover for future damages as well, they are not obnoxious to general demurrer.

8. TRESPASS, § 11*—*what is foundation of action quare clausum fregit.* The foundation of the right to bring an action of trespass *quare clausum fregit* is the invasion or disturbance of the plaintiff's possession.

9. TRESPASS, § 5*—*unassignability of cause of action.* The action of trespass *quare clausum fregit* is personal and hence unassignable.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed July 19, 1917.

SHEPARD, McCORMICK, THOMASON, KIRKLAND & PATTERSON, for appellant; PERRY S. PATTERSON and LOUIS G. CALDWELL, of counsel.

SAMUEL A. ETTELSON, for appellee; CHESTER E. CLEVELAND and DONALD P. VAIL, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal from a judgment entered against the plaintiff (appellant) on the pleadings, in an action of trespass. The declaration contained six counts. To the first four, defendant (appellee) pleaded the statute of limitations. To these pleas the plaintiff demurred and the court overruled said demurrers, after which plaintiff amended its fourth count. To the amended fourth, the fifth and sixth counts defendant demurred, and its demurrers were sustained. Plaintiff then elected to stand by its amended fourth, its fifth and sixth counts. The action of the trial court in overruling plaintiff's demurrers to said pleas of the defendant to the first three counts, and in sustaining defendant's demurrers to the amended fourth, the fifth and sixth counts, is now before us for review.

The first three counts set forth, substantially, that defendant had, during the years 1897 and 1898, and at other times since, broken and entered the close of the plaintiff in the City of Chicago; that the defendant, unknown to the plaintiff, made an excavation some fifty feet below the surface of plaintiff's premises and constructed therein a water tunnel, for the purpose of supplying water to the people of the City of Chicago; that since the aforesaid date, defendant has continued and still continues to operate the said water tunnel; that said trespass was committed with force and arms; that the said tunnel was constructed by the defendant without first invoking the power of eminent domain; that in the year 1912 plaintiff began the construction of a large building upon the said premises; that in excavating for the foundation, it then and there discovered for the first time the existence of the said tunnel; that the said tunnel greatly obstructed and impeded the laying of foundations for the said building, thereby rendering it necessary for plaintiff to expend additional sums of money in special construction work, amounting to approximately $1,900, for the purpose of bridging over the said tunnel; and that plaintiff will

suffer additional future damage by reason of said tunnel.

It is contended by plaintiff that its demurrers to defendant's pleas of the statute of limitations to the first three counts were erroneously overruled.

Under section 15 of the Limitations Act, ch. 83, Rev. St. Ill. (J. & A. ¶ 7210), an action to recover damages to real property must be brought within five years next after the cause of action accrued.

Where the trespass is a permanent one, plaintiff must recover, if at all, for damages both past and future, in one action. Not so, however, with a continuing trespass, in which case the aggrieved party may sue from time to time for damages sustained within five years next preceding the filing of the suit, but not for future damages. It follows, therefore, that if plaintiff's action is for a permanent trespass, the statute precludes a recovery.

It will be noted that defendant, in constructing the tunnel in question, entered upon private property and that it actually occupies plaintiff's premises. In other words, defendant has unlawfully appropriated private property to its own use without compensation. Where a person unlawfully places a structure of any kind upon the premises of another, he commits a trespass. Such a trespass, by the great weight of authority, is a continuing one, even though the obstruction may, in a physical sense, be considered as of a permanent character—such as a railroad (*Chicago & I. R. Co. v. Hopkins,* 90 Ill. 316; *Adams v. Hastings & P. R. Co.,* 18 Minn. 236 (260); *Smith v. Chicago A. & St. L. R. Co.,* 67 Ill. 191); a subterranean water tunnel (*City of Chicago v. Troy Laundry Machinery Co.,* 162 Fed. 678); or telephone, telegraph and electric light equipment (*Carpenter v. Capital Electric Co.,* 178 Ill. 29; *Burrall v. American Telephone & Telegraph Co.,* 224 Ill. 266).

By constitutional enactment, every owner of land is assured that his property will not be appropriated

248    Appellate Courts of Illinois.

Lake Shore Building Co. v. City of Chicago, 207 Ill. App. 244.

for public use without just compensation. Even the State itself must observe this right which is guaranteed to every citizen. The defendant is, therefore, in the position of a trespasser who has taken property belonging to another, without his consent, and, having held it for some fifteen years, claims that by reason of the lapse of time plaintiff's right to a recovery for damages is precluded, and further, that because of the fact that plaintiff's acquisition of the property was antedated by the trespass, its right of action is now barred.

In *Toledo P. & W. R. Co. v. Darst,* 61 Ill. 231, the railroad company had appropriated to its own use privately owned lands without first bringing condemnation proceedings or obtaining the consent of the owner. In a condemnation proceeding brought by the railroad company some fifteen years later, Darst was awarded damages for the trespass, from which judgment the railroad company appealed. Its principal contention was, that the lapse of time should have been considered as a bar to a recovery by Darst. The court held, however, p. 233:

"No one would contend that, because a trespasser had gone upon the lands of another and occupied them for fifteen years, when an action of trespass was brought he could not recover for such portion of the time as was not barred by the statute."

In *Chicago & I. R. Co. v. Hopkins, supra,* a similar situation arose and the same position was taken by the trespasser as in the case at bar, viz., that the right of action existed only in the owner of the property at the time the trespass was committed. The court, in affirming the judgment in favor of Hopkins, used the following significant language, p. 321:

"The company was a mere intruder. It had no easement or right of way, and the purchaser at the judicial sale was not bound to take notice of a right that had no existence in fact. The constitution itself provides, private property shall not be taken or damaged

for public use without just compensation, and the act of the corporation in taking and retaining the land was a continuing trespass."

In *Smith v. Chicago, A. & St. L. R. Co., supra,* the owner of certain real estate brought an action of ejectment against the railroad company for occupying lands appropriated to its own use without permission and without having first acquired title thereto by condemnation proceedings. The Supreme Court, in reversing the judgment rendered in the lower tribunal in favor of the railroad company, stated, p. 195:

"Unfortunately for appellees, they have not legally taken appellant's land. The power to do so has not been exercised by the company. No proceedings were ever commenced against the owner to justify the entry upon his land, building a railroad upon it, and using it for such purpose. We are at a loss to understand why ejectment will not lie in such case, unless it is conceded such corporations have rights and immunities not accorded to the individual man. That they can enter upon and take and keep possession of the land of another, on which their chartered powers have not been exercised, with impunity, is inconceivable to us, and cannot be admitted. Such a claim strikes fatally at the foundation of property rights, leaving them valueless."

To the same effect are, *Burrall v. American Telephone & Telegraph Co.* and *Carpenter v. Capital Electric Co., supra.* We see no distinction between the trespass herein complained of and that of a railroad or telegraph company invading private lands to carry on its business.

We note that plaintiff's declaration does not limit its right to a recovery to damages accruing within the period of five years next preceding the filing of the suit, but, on the contrary, alleges that during the entire period, i. e., since 1897 or 1898, up to the filing of the suit, plaintiff has been deprived of the full use and enjoyment of the said premises.

In *Wheeler v. Sanitary District of Chicago,* 270 Ill. 461, where the court was confronted with a situation very much akin to that now before us, the court held that the plea of the statute of limitations was the proper one to meet an allegation of damages accruing more than five years next preceding the filing of the suit, and concluded that a general demurrer to such a plea was properly overruled. So in the case at bar, we are of the opinion that the court properly overruled plaintiff's demurrers to defendant's pleas to the first three counts of the declaration. The pleas, however, did not affect plaintiff's right to a recovery for damages accruing within the statutory period, but precluded only the right to a recovery for damages accruing more than five years before the filing of this suit. The court therefore erred in holding that the statute of limitations was a complete bar to plaintiff's right to a recovery under the first three counts of the declaration.

In sustaining defendant's demurrers to the last three counts, the court evidently acted upon the theory that plaintiff's cause of action was for a permanent trespass on the premises in question. In view of our holding that the trespass is a continuing one, and of the specific allegations that plaintiff, within the statutory period, sustained damages approximating $1,900 in bridging over the said tunnel, it follows that the last three counts of the declaration set up a good cause of action. The mere fact that the said last three counts do not limit plaintiff's right to a recovery for damages to the statutory period, and seek to recover future damages as well, does not render them obnoxious to a general demurrer. 6 Amer. & Eng. Encyc. Pl. & Pr. pp. 303-305.

The last three counts of the declaration also set forth that plaintiff has procured assignments from its predecessors in title, of their respective rights to a recovery for damages sustained by them as a result of

the said trespass, and plaintiff makes the point that, because the said trespass was concealed from it, such damages may now be recovered in this suit by virtue of the said assignments.

The foundation of the right to bring an action of · trespass *quare clausum fregit* is the invasion or the disturbance of the plaintiff's possession. The action is personal and hence unassignable. *Chicago & A. R. Co. v. Maher*, 91 Ill. 312; *Galt v. Chicago & N. W. Ry. Co.*, 157 Ill. 125.

We conclude, therefore, that the trespass complained of is a continuing one, for which damages may be recovered by the present owner of the premises; that notwithstanding defendant's pleas to the first three counts of the declaration, plaintiff was entitled to a recovery thereunder; that although the last three counts fail to limit plaintiff's right to recover damages to the proper period and seek to recover future damages as well, yet such impropriety cannot properly be reached by a general demurrer; and that hence the trial court erred in sustaining defendant's demurrer to the last three counts of the declaration and in entering judgment for the defendant.

Accordingly the judgment will be reversed and the cause remanded.

*Reversed and remanded.*