Ruth C. Hawkins et al., Appellants, v. The City of Elgin et al., Appellees.

Gen. No. 46,337.

First District, Third Division.

December 29, 1954.

Released for publication January 27, 1955.

Johan Waage, of Chicago, and Paul M. Hamilton, of Elgin, for appellant.

Perry D. Wells, of Elgin, for certain appellee; Ben Rifken, and Joseph M. McCarthy, both of Elgin, for certain other appellees.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiffs filed their complaint against defendants, consisting of three counts: Count I, in ejectment and for damages for an alleged illegal encroachment upon plaintiffs' land; Count II, in equity, for a mandatory injunction to remove all encroachments upon plaintiffs' land; and Count III, making additional parties defendants, who since the filing of this action went into possession of some of the encroachments complained against.

Answers were filed by all of the defendants, and the cause was referred to a master to report his findings of fact and conclusions of law. The master made his report, recommending that the complaint as to Counts II and III be dismissed for want of equity, and that Count I be transferred to the law side of the court. Objections filed by plaintiffs to the report were allowed to stand as exceptions. Upon a hearing before the chancellor the exceptions were overruled and a decree entered approving the report of the master in toto.

The controversy arises out of the following facts: Plaintiffs are the owners of certain farm land described in the complaint, the western boundary of which is on the Kane county-Cook county line; that Ludlow Addition to the City of Elgin lies immediately west of said county line in Kane county; that Lincoln avenue and Chester avenue are streets in Ludlow Addition, running east and west with their eastern terminals at the Kane county-Cook county line; that in 1929 the City of Elgin paved said streets and extended the pavement and fills at the easterly ends of said streets and across the Kane county-Cook county line, allegedly onto the

103

lands of plaintiffs, a distance of several feet; and that the city elevated the easterly end of Lincoln avenue to a height of 6 feet and the easterly end of Chester avenue 8 feet above the level of plaintiffs' lands, each of which streets was 30 feet wide at the easterly terminals.

It appears from the evidence that at the easterly end of the pavement in said streets, the city erected a barrier to prevent traffic beyond that point, and built retaining walls along the terminals of said streets. It appears that the individual defendants built a garage on the eastern boundary line of the Ludlow Addition, which, it is alleged, encroaches upon plaintiffs' lands. The retaining wall built by the individual defendants alongside of their garage, the master found, encroaches approximately one inch of plaintiffs' property, which consists of farm land.

There is conflict in the evidence as to whether the Kane county-Cook county line runs in a straight line or irregularly. Plats of surveys in evidence and the original field notes of record of the United States survey are not in harmony. The master saw and heard the witnesses and their respective qualifications as expert witnesses, and was in a much better position to determine their credibility. The evidence discloses that the Ludlow Addition was established for over 50 years.

In Edwards County v. White County, 85 Ill. 390, 393, involving a disputed boundary line between two counties and an undisturbed possession by one county of more than 50 years, it was said:

"The quiet and good order of communities ought not to be disturbed by controversy in regard to such questions, after, at least, the expiration of the period fixed for the limitation of actions between individuals where title to real estate is controverted . . ." Such a disturbance "would be wholly unjustifiable in a court of law or equity . . ."

104

In Texas Co. v. Hawthorne, 371 Ill. 468, it was stated:

"Nothing is better understood than that few of our early plats will stand the test of a careful and accurate survey without disclosing errors. This is as true of the government surveys as of any others, and if all the lines were now subject to correction on new surveys, the confusion of lines and titles that would follow would cause consternation in many communities. Indeed, the mischiefs that must follow would be simply incalculable, and the visitation of the surveyor might well be set down as a great public calamity."

The master did not determine whether the terminals of the streets in question in fact encroach upon plaintiffs' premises. As to plaintiffs' claim for damages under Count I, the master rested his conclusions upon section 16, chapter 83 of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 107.275], which is a limitation statute requiring actions for damages against real or personal property be commenced within 5 years from the date the cause of action accrued. The action accrued in the instant case when the paving of the streets was completed and the retaining wall built in 1928 or 1929. The instant action was filed November 22, 1948. The master also concluded that Count II, directed against the city, is barred by section 152, chapter 121 of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 120.152], which provides as follows:

"All roads in this state which have been laid out in pursuance of any law of this state, or of the Territory of Illinois, or which have been established by dedication or used by the public as highways for fifteen (15) years, or which have been or may be laid out and connect a subdivision or platted land with a public highway and which has been dedicated for the use of the owners of the land included in the subdivision or plat-

105

ted land where there has been an acceptance and use under such dedication by such owners and which have not been vacated in pursuance of law, are hereby declared to be public highways."

We also find a public highway under section 165.1, subd. (b) of chapter 121½ [Jones Ill. Stats. Ann. 15.61(1), subd. (b)], defined to include:

". . . highway, county road, State road, public street, avenue, alley, parkway, driveway or public place in any county, city, village or incorporated town or towns."

The master found that said streets have been used by the public for almost 20 years. He concluded that the evidence is not clear as to whether 20 years elapsed between the completion of the streets in question and the institution of this cause, and therefore the limitations statute, section 1, chapter 83, Illinois Revised Statutes [Jones Ill. Stats. Ann. 107.259], which requires the action to be brought within 20 years may not apply; that nevertheless plaintiffs are guilty of laches in not asserting their alleged rights for over 19 years. As to the individual defendants, the master concluded that the retaining wall built by them alongside of the garage encroaches approximately one inch over plaintiffs' property, and that the maxim *de minimis non curat lex* should be applied to plaintiffs' cause of action under Count II.

We are satisfied from an examination of the record that plaintiffs have not sustained any right to equitable relief against the city; that the streets in question are public highways as defined by section 152, chapter 121 of the Illinois Revised Statutes; and that their claim for damages is barred under section 16, chapter 83 of the Illinois Revised Statutes. We also agree with the master's conclusion that even if section

1 of chapter 83 is not applicable as a limitations statute, plaintiffs are clearly guilty of laches in waiting more than 19 years within which to bring the action. Korson v. Stathopulos, 334 Ill. 193; Grant v. Springer, 330 Ill. 280; Capper v. Poulsen, 321 Ill. 480.

In Village of Winnetka v. Lyons, 323 Ill. 486, 492, it was held that the user, to create a road by prescription, must be adverse to the owner, under a claim of right, continuous, uninterrupted, and with the knowledge of the owner, yet without his consent. A continued and uninterrupted use of land for a highway for the statutory period, in the absence of proof to the contrary, will be presumed to have been under a claim of right.

The evidence in the instant case discloses that the streets in question, after completion of the paving, were used and occupied, openly and notoriously, by the public for over 19 years, and therefore the claim of right resulting from such user is established. The only restriction against the use of the street beyond the barrier was the barrier itself, and that is only incidental, to prevent the public from driving beyond the dead end of the street.

The decree sustaining the master's report is correct, and the same is affirmed.

Affirmed.

KILEY, P. J. and LEWE, J., concur.