**BETTERVIEW INVESTMENTS, LLC, Plaintiff–Appellant,**

v.

**PUBLIC SERVICE COMPANY OF COLORADO, d/b/a XCEL Energy, Defendant–Appellee.**

No. 07CA1224.

Colorado Court of Appeals, Div. VI.

July 10, 2008.

Fowler, Schimberg & Flanagan, P.C., Timothy J. Flanagan, Theresa A. Vogel, Denver, Colorado, for Plaintiff–Appellant.

Faegre & Benson, LLP, John R. Sperber, Brandee L. Caswell, Amber L. Abbuhl, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

In this real property dispute, plaintiff, Betterview Investments, LLC (Betterview), appeals the trial court's judgment dismissing its trespass and inverse condemnation claims against defendant, Public Service Company of Colorado (PSCo), and declaring that PSCo has an easement across its property. We vacate the judgment and remand for further proceedings.

## I. Background

The following facts are undisputed. In 2004, Betterview purchased land near Steamboat Springs from the Mark E. Johnson Trust (the Trust), which, in turn, had acquired the land from the Denver & Rio Grande Western Railroad (the Railroad). In 1966, the Railroad had agreed to allow PSCo's predecessor in interest, Western Slope Gas Company (Western), to place a two and a half-inch high-pressure natural gas pipeline across the property and to maintain the pipeline for as long as the Railroad owned the property. Under the terms of the agreement, PSCo's license to use the Railroad's property terminated when the Railroad sold the property, and the pipeline was then to be removed within ninety days, unless PSCo otherwise reached an agreement with the new owner of the property.

In 1971, Western installed a second pipeline, six inches in diameter, parallel to the first pipeline. The record contains no documentation of any authorization for the second pipeline.

In 2000, the Railroad sold the property to the Trust. PSCo had no knowledge of the sale until 2004, when it learned, because of various questions raised about the pipelines, that the Trust was negotiating a sale of the property to Betterview.

The area where these pipelines cross the property has been identified by above-ground markers for over twenty years. Moreover, before purchasing the property, Betterview's manager received improvement surveys showing the two pipelines across the property. Upon receiving the title commitment, however, Betterview discovered that no license or easement for PSCo's use had ever been recorded.

Betterview's manager met with PSCo representatives to discuss the impact of the pipelines on his then-pending proposal to develop the property. A few days later, a PSCo representative informed Betterview, "[I]f no other information is found, I will need to talk to you about obtaining an easement for the pipelines."

Betterview closed on the property, receiving a quitclaim deed and a warranty deed referencing, as title exceptions, the survey map showing the pipelines. Immediately thereafter, Betterview sought compensation

for PSCo's continued use of its land. When negotiations failed, PSCo considered filing a petition in condemnation to perfect a record interest in the property. Instead, it urged the City of Steamboat Springs not to approve Betterview's proposal to replat the land unless Betterview dedicated an easement to PSCo.

After the City of Steamboat Springs approved a fifty-foot wide reservation for the pipelines in the final plat, Betterview filed the present action, asserting claims for trespass, inverse condemnation, and declaratory relief.

Through a series of orders granting, first, a motion to dismiss for failure to state a claim, then a motion for partial summary judgment, and finally, a motion for summary judgment, the trial court dismissed Betterview's claims for trespass and inverse condemnation. Those claims were based on undisputed evidence that PSCo's license to use the property expired in 2000 when the Railroad sold the property to the Trust and the Trust had never agreed to the continued presence of the pipelines under its property.

The trial court reasoned that (1) the right to pursue an action for trespass or inverse condemnation is personal to the owner of the property; (2) the trespass or taking occurred while the Trust owned the property because the pipelines had not been removed within ninety days of the Trust's acquisition; and (3) without an assignment of rights, of which there was no evidence here, only the Trust had standing to pursue the trespass and inverse condemnation claims. The court rejected Betterview's argument that it was separately damaged by PSCo's trespass or taking because any damage incurred by Betterview was the result of its having changed the use of the property by replatting it for individual lots.

Thereafter, the court conducted a one-day bench trial on Betterview's remaining claim for declaratory relief. Following trial, the court determined that, because Betterview lacked standing to bar PSCo's use of the land, PSCo "has an easement, in essence, by default, over the property above the gas lines for the entire length of the gas line[s]." The trial court further determined that, based on PSCo's historical use, PSCo's easement over the gas lines was to be "50 feet wide and 4 feet deep."

## II. Betterview's Claims for Trespass and Inverse Condemnation

Betterview contends that the trial court erred in dismissing its claims for trespass and inverse condemnation. We agree.

### A. Scope of Review

The trial court dismissed Betterview's (1) trespass claim upon PSCo's C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim; and (2) inverse condemnation claim upon PSCo's C.R.C.P. 56 motion for summary judgment.

Where, as here, the trial court considers facts beyond those alleged in the complaint, a C.R.C.P. 12(b)(5) motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." C.R.C.P. 12(b). However, because Betterview has not asserted lack of an adequate opportunity to discover materials or to otherwise respond to the materials provided by PSCo, we review the trial court's dismissal of both the trespass claim and the inverse condemnation claims under the summary judgment standard.

A trial court may enter summary judgment when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 71 (Colo. 2004). We review the trial court's grant of a motion for summary judgment de novo. *Id.*

### B. Standing

■ "In order for a court to have jurisdiction over a dispute, the plaintiff must have standing to bring the case. Standing is a threshold issue that must be satisfied in order to decide a case on the merits." *Ainscough v. Owens*, 90 P.3d 851, 855 (Colo.2004).

■ "A plaintiff has standing if (1) the plaintiff suffered an actual injury (2) to a legally protected interest." *Lobato v. State*,

—— P.3d ——, ——, 2008 WL 194019 (Colo. App. No. 06CA0733, Jan. 24, 2008).

■ "The elements for the tort of trespass are a physical intrusion upon the property of another without the proper permission from the person legally entitled to possession of that property." *Hoery v. United States*, 64 P.3d 214, 217 (Colo.2003).

■ "To establish a claim for inverse condemnation under the Colorado Constitution, a property owner must show that (1) there has been a taking or damaging of a property interest; (2) for a public purpose; (3) without just compensation; (4) by a governmental or public entity that has the power of eminent domain, but which has refused to exercise that power." *Scott v. County of Custer*, 178 P.3d 1240, 1244 (Colo.App.2007). "A taking may be effected by the government's [or the public entity's] physical occupation of the land...." *Animas Valley Sand & Gravel, Inc. v. Board of County Comm'rs*, 38 P.3d 59, 63 (Colo.2001).

■ Actions for trespass or inverse condemnation belong to the persons owning the property at the time of the trespass or taking; and, absent an express assignment, the right to pursue an action for trespass or inverse condemnation does not pass with the land to subsequent owners. *See Majestic Heights Co. v. Board of County Comm'rs*, 173 Colo. 178, 186, 476 P.2d 745, 748 (1970) ("Colorado law is clear that an action for damages for taking of a property right is personal to the owner of the property in question unless it is specifically assigned to the grantee of the property."); *Monen v. State Dep't of Highways*, 33 Colo.App. 69, 71, 515 P.2d 1246, 1247 (1973) ("The right to damages, however, accrues to the owner of the land at the time of the taking, and is personal to him unless specifically assigned to subsequent grantees."); *see also MacKenzie v. Corley*, 94 Colo. 263, 268, 29 P.2d 1044, 1045–46 (1934) (the recovery of damages for trespass "belonged to the original owner alone, if pursued in apt time, and did not pass with the land to his grantee").

Here, PSCo does not dispute that it lost its right to continue using the property for the pipelines, and thus became a trespasser,

ninety-one days after the Railroad sold the property to the Trust in 2000. And, contrary to Betterview's contention, Betterview did not obtain an assignment of rights to pursue a trespass or inverse condemnation claim as a result of the "appurtenances" clause in the warranty deed from the Trust. *See Ford v. Summertree Lane Ltd. Liab. Co.*, 56 P.3d 1206, 1209–10 (Colo.App.2002) (rejecting argument that traditional warranty deed, including "appurtenances," without more, constitutes assignment of tort claims personal to the grantor); *see also Monen*, 33 Colo.App. at 71, 515 P.2d at 1247 (prior landowner's claim for damages occasioned by a taking did not pass by deed alone).

Nonetheless, we agree with Betterview that it may pursue claims for trespass and inverse condemnation against PSCo.

### 1. Trespass

■ Betterview contends, and we agree, that it may pursue a trespass claim, independent of that belonging to the Trust, because PSCo's pipelines constitute a "continuing trespass," giving rise to a new cause of action for every day the pipelines remain on the property. *See Hoery*, 64 P.3d at 218; *Sanderson v. Heath Mesa Homeowners Ass'n*, 183 P.3d 679, 682 (Colo.App.2008).

In *Hoery*, the supreme court stated:

The typical trespass ... is complete when it is committed; the cause of action accrues, and the statute of limitations [begins] to run at that time. But in cases, for example, when the defendant erects a structure or places something on or underneath the plaintiff's land, the defendant's invasion continues if he fails to stop the invasion and to remove the harmful condition. In such a case, there is a continuing tort so long as the offending object remains and continues to cause the plaintiff harm.

64 P.3d at 218. The supreme court also noted that "[f]or continuing intrusions ... each repetition or continuance amounts to another wrong, giving rise to a new cause of action." *Id.*

In *Sanderson*, another division of this court cited *Hoery* and held that an irrigation

pipeline located outside an historical easement for an irrigation ditch effected a continuing trespass.

PSCo attempts to distinguish *Hoery* and *Sanderson*, in part, on the ground that, in both cases, the issue was when a cause of action accrues for statute of limitation purposes, and not, as here, who has standing to assert a cause of action for a continuing trespass. PSCo has failed, however, to explain why that distinction is significant, and persuasive authority shows that it is not.

According to Restatement (Second) of Torts § 162 cmt. d (1965):

If the conduct of the actor is a continuing trespass, any person in possession of the land at any time during its continuance may maintain an action for trespass. Thus, if the possession of land upon which the actor has tortiously erected a structure is transferred while the structure remains there, the person in possession of the land at the time of such entry has a cause of action in trespass for the entry as well as for the continuance of the trespass until the time when such person transferred his possession, and the transferee of the possession has a cause of action for the actor's wrongful continuance of his trespass after the possession of the land was acquired by such transferee.

*See also Mangini v. Aerojet–General Corp.,* 230 Cal.App.3d 1125, 1141–42, 281 Cal.Rptr. 827, 836–37 (1991) (rejecting defendant's contention that the cause of action for continuing trespass was foreclosed because the plaintiffs did not have possession of the land when the trespass first occurred); *Rosenthal v. City of Crystal Lake,* 171 Ill.App.3d 428, 435–36, 121 Ill.Dec. 869, 525 N.E.2d 1176, 1180–81 (1988) (applying Restatement (Second) of Torts § 162 cmt. d); *Pentagon Enterprises v. Southwestern Bell Tel. Co.,* 540 S.W.2d 477, 478 (Tex.Civ.App.1976) ("If Bell's trespass had continued after Pentagon took title or possession (actual or constructive) to the land, then Pentagon could have maintained an action for trespass for the period after Pentagon had acquired title or possession.").

Thus, we conclude that if PSCo's pipelines constitute a "continuing trespass," then Betterview has standing to bring a trespass claim.

■ Alternatively, PSCo argues that, unlike in *Sanderson,* its pipelines do not effect a "continuing" trespass on the property because of the explanation in *Hoery* that "not every trespass … that continues is necessarily regarded as" a continuing trespass. 64 P.3d at 219. " '[W]here the property invasion will and should continue indefinitely because defendants, *with lawful authority,* constructed a socially beneficial structure intended to be permanent,' the property owner cannot sustain an action for a continuous trespass." *Sanderson,* 183 P.3d at 682 (quoting *Hoery,* 64 P.3d at 220).

However, we agree with Betterview's response that the pipelines qualify as a "continuous" trespass because (1) under the terms of the 1966 agreement, the two and a half-inch pipeline was not intended to be permanent (its removal was expressly anticipated by the parties) and (2) the six-inch pipeline was not constructed under any lawful authority.

Thus, we conclude that because Betterview has standing to pursue an action for trespass, even though it did not own or possess the land when PSCo first failed to remove the pipelines and it did not obtain an assignment of the Trust's claim against PSCo, the trial court erred in dismissing Betterview's trespass claim for lack of standing.

### 2. Inverse Condemnation

■ Similarly, we conclude the trial court erred in dismissing Betterview's inverse condemnation claim.

■ As the division explained in *Scott:* Generally, a taking of property occurs when the entity clothed with the power of eminent domain substantially deprives a property owner of the use and enjoyment of that property. However, a taking cannot result from simple negligence by a governmental entity. [ ]For a governmental action to result in a taking, the consequence of the action which is alleged to be a taking must be at least a direct, natural or probable result of that action.[ ]

**1264**

[ ]Therefore, the taking must be a reasonably foreseeable consequence of an authorized action. In other words, the government must have the intent to take the property or to do an act which has the natural consequence of taking the property.[ ]

178 P.3d at 1244 (citations omitted).

Here, the record reveals that (1) PSCo was unaware of its trespass until shortly before Betterview purchased the property; (2) PSCo attempted to obtain, by agreement, permission from Betterview for continuing the pipelines across the property; and (3) after Betterview obtained title to the property, PSCo offered to purchase an easement, considered initiating a condemnation proceeding, and urged the City of Steamboat Springs not to approve Betterview's proposal to replat the property until Betterview dedicated an easement for the pipelines.

Under these circumstances, if there were both an intent to "take" and an actual taking of an easement pursuant to inverse condemnation, they could have occurred only after Betterview obtained title to the property. Thus, Betterview would have had standing to pursue an inverse condemnation claim, and, consequently, the trial court erred in dismissing that claim on summary judgment.

In light of these conclusions, we vacate the court's judgment dismissing Betterview's claims and determining that PSCo is entitled to an easement "by default." We remand the case to the trial court for reinstatement of, and further proceedings on, Betterview's claims.

The judgment is vacated, and the case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Judge WEBB and Judge ROMÁN concur.