(No. 22727.—

LIZZIE FARROW, Defendant in Error, *vs.* THE ELDRED DRAINAGE AND LEVEE DISTRICT *et al.* Plaintiffs in Error.

*Opinion filed February 15, 1935.*

JONES, C. J., took no part.

FRANK A. WHITESIDE, for plaintiffs in error.

W. J. REARDON, and ELLIS & HAMILTON, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

The question here is whether the circuit court of Greene county erred in awarding a writ of *mandamus* against the Eldred Drainage and Levee District and its commissioners in 1933, "commanding them forthwith to proceed to levy and collect a special assessment upon the lands within said district" for an amount sufficient to pay a $3000 judgment rendered in that court in 1929 in favor of Lizzie Farrow. The cause comes here by writ of error.

The judgment above referred to was affirmed by the Appellate Court for the Third District (268 Ill. App. 432,) and later a petition for *certiorari* was denied by this court. On May 15, 1933, a certified copy of the order of the Appellate Court affirming the judgment was filed in the office of the clerk of the circuit court of Greene county, and five weeks later a demand was made upon the district to pay the judgment, interest and costs within thirty days from that date. The judgment was not paid, and Lizzie Farrow thereupon filed her petition in the circuit court for a writ of *mandamus*. General and special demurrers were filed to the petition; both were overruled and judgment was rendered awarding the writ, as above stated.

The commissioners contend that the court below erred in awarding the writ of *mandamus* because the petition failed to show a clear right of the petitioner to the writ or a clear legal duty on their part to perform the acts sought to be coerced. In support of this position they argue that they have no power or authority under the statute to levy and collect a special assessment on the lands of the district; that nothing in the statute authorizes them to cause an assessment to be spread; that this function is exclu-

sively one for the county court, and that any attempt on their part to levy an assessment would be a nullity. This argument is highly superficial. It is based upon a literal and unreasonable interpretation of the petition and writ. The prayer of the petition and the order granting the writ of *mandamus* commanded the commissioners "to proceed to levy and collect a special assessment upon the lands" in the district. This order did not require them to exceed their statutory duties. It seems clear that the language referred to only required the commissioners to proceed in the orderly manner required by law to institute assessment proceedings by the filing of a petition in the county court.

Section 37 of the Levee act provides that a petition to levy an assessment may be filed either by a majority of the land owners or by the commissioners and specifies for what purposes subsequent assessments upon the lands of the district may be levied. The language of this section has been held to confer ample authority upon the commissioners to levy additional assessments against the lands of the district. (*Sny Island Drainage District* v. *Shaw,* 252 Ill. 142; *Binder* v. *Langhorst,* 234 id. 583.) Where, as in this case, a creditor has obtained a judgment against a drainage district and payment of the same is delayed or refused, *mandamus* seems not only an appropriate but a necessary remedy to compel reasonably prompt action, especially since a judgment against a municipal or quasi-municipal corporation cannot be enforced by execution. In such cases it has been held to be the duty of corporate authorities of the district, if no funds are available for that purpose, to levy an assessment against the lands of the district to pay the judgment, as in the case of any other legal obligation. (*North Wichert Drainage District* v. *Chamberlain,* 340 Ill. 644.) The *Chamberlain case* was also a *mandamus* action and the drainage district there was likewise organized under the Levee act. In the recent case of *Hickey* v. *Spring Creek Drainage District,* 356 Ill. 204,

we held that under section 37 of the Levee act an additional assessment might be levied "when it shall appear to the county court that the previous assessment has been exhausted or is inadequate to complete the drainage work or to pay obligations incurred for the current expenses of the district." Under this holding it would seem clear that the commissioners in the case at bar have ample authority "to proceed to levy and collect a special assessment," as directed by the judgment of the circuit court. It is not our duty here to advise under what section of the Drainage act such proceedings should be commenced, nor was it necessary that either the petition or order for the writ of *mandamus* should contain an outline of the different legal steps to be taken by the commissioners in order to levy and collect the assessment.

The failure of the district to pay this judgment after receiving demand for payment indicated that it was either without the necessary funds or that it willfully refused to obey the mandate of a judgment of the circuit court, when, after the interval of four years, it had been affirmed in the Appellate Court and again approved by the denial of *certiorari* in this court. No answer was filed to the petition setting up the inability of the district to pay the judgment or the insufficiency of time within which special assessment proceedings for that purpose could be instituted. The demurrers filed only challenged the legal right to the writ by assertions that no clear right to the remedy existed in the petitioner and no power to execute the demand was vested in the commissioners. In overruling these demurrers and awarding the writ of *mandamus* the circuit court committed no error. Its judgment is therefore affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE JONES took no part in this decision.