DONALD HOEKSTRA *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF KANKAKEE, Defendant-Appellee.

Third District   No. 76-536

Opinion filed June 8, 1977.

John B. Cashion, of Chicago, and Paul F. Davidson, of Kankakee, for appellants.

Jay S. Judge, of Judge & Schirott, Ltd., of Park Ridge, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Plaintiffs filed suit against the County of Kankakee to recover $28,000 damages for loss of a corn crop due to flooding which allegedly resulted from an improperly constructed highway culvert. The trial court granted defendant's motion to dismiss the complaint with prejudice, and plaintiffs appeal.

In their complaint, plaintiffs alleged that in the spring of 1975 they

leased a 70-acre tract of farm land for $20 per acre; that sometime prior to 1975 the highway department of the County of Kankakee built a culvert under an adjacent highway to facilitate water drainage; that the culvert was constructed too high which prevented water from draining off the 70-acre tract in the same way it had drained prior to construction; that as a result water backed up on the 70-acre tract; that plaintiffs planted corn on the tract in May 1975, 90 per cent of which was drowned during the summer by water backing up onto the tract; that the actions of the defendant county constituted a taking of the property rights of plaintiffs for public use without just compensation; and that as a result, plaintiff sustained damages of $28,000 in loss of income.

Defendant filed a motion to dismiss the complaint pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45), which stated two grounds for dismissal: (1) that the design and plan for the repair of township roads are discretionary matters for which public officials are immune from liability and (2) that if the public official is not liable, the county is not liable under the doctrine of *respondeat superior*.

The trial court entered an order dismissing the complaint with prejudice, and in a memorandum opinion stated that the doctrine of common law public official immunity has not been superseded *in toto* by the Local Governmental and Governmental Employees' Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 1—101 *et seq.*), that the defense of common law public official immunity is not waived by the purchase of insurance under section 9—103(b) of the Act, and that the motion to dismiss must be granted upon the basis of defendant's immunity.

Plaintiffs then filed a motion to reconsider which asserted that the Act did supersede prior common law defenses, that no specific public official was named as a defendant, and that the complaint did not allege a tort but rather a taking without just compensation.

On appeal, both parties have argued at length as to the applicability of the governmental tort immunity statute with particular emphasis on the provision for waiver of immunity by purchase of insurance. However, before reaching the immunity questions we must first consider whether the complaint states a cause of action against which a governmental immunity defense may be raised.

Plaintiffs have asserted, both in the trial court and before this court, that their complaint is not premised on negligence, but rather, "It asserts a 'taking' of plaintiff's land without just compensation * * *." (Plaintiffs' brief, at 16.) The plain language of the complaint purports to seek recovery upon the basis of a landowner's constitutional right to just compensation for damage to private property taken for public use. The Bill of Rights of the Illinois Constitution (Ill. Const. 1970, art. I, §15) provides:

"Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law."

In *Hargadine v. Sharkey* (2d Dist. 1956), 8 Ill. App. 2d 209, 131 N.E.2d 134, the trial court dismissed two counts of a complaint whereby a landowner sought an injunction to prevent flooding allegedly caused by road improvements undertaken by the County of Stark. Defendants argued that the complaint alleged tortious acts for which the county and its superintendent of highways were immune. The reviewing court found that one count was properly dismissed because it sounded in tort in charging that the county permitted logs and debris to accumulate at the pier and abutments of a bridge which resulted in a flooding of plaintiffs' land. However, as to the other count, the court found that the complaint stated a good cause of action based upon the wrongful diversion of water upon plaintiffs' farm land as a result of a road improvement project which altered the existing drainage channels. The court relied upon *Illinois Power & Light Corp. v. Talbott* (1926), 321 Ill. 538, 545, 152 N.E. 486, where the supreme court stated:

"The constitution, in prohibiting the taking or damaging of private property for public use without just compensation, recognizes the right of the owner of property damaged by a public work to recover the amount of such damages. This right may be asserted by the owner as a plaintiff in an action at law where none of his property is actually taken, or as a defendant to an eminent domain proceeding for the condemnation of property actually taken. (*County of Mercer v. Wolff*, 237 Ill. 74.) In either case the right to the damages is the same, and its basis is the constitutional prohibition mentioned."

■■ In *Roe v. County of Cook* (1934), 358 Ill. 568, 573, 193 N.E. 472, the supreme court again recognized the liability of a county for damage to private property caused by a public improvement, saying:

"The constitutional provision itself, without remedial legislation, is basic law, which not only confers a right but presupposes a remedy. Standing alone, section 13 [now Ill. Const. 1970, Art. I, §15], is self-executing * * *." (*Accord, Eldred Drainage & Levee District v. Wilcoxson* (1936), 365 Ill. 249, 6 N.E.2d 149.)

Thus, where a right to damages is guaranteed by the constitution, neither common law public official immunity nor the tort immunity statute can be a defense to an action against those responsible.

■■ Our next concern is whether the dismissal order can be sustained on any basis found in the record, regardless of the reasons given by the trial court for its ruling. (*Bauscher v. City of Freeport* (2d Dist. 1968), 103 Ill. App. 3d 372, 243 N.E.2d 650). Plaintiffs have alleged that the culvert

was constructed by the County some time prior to their lease. As a general rule, an action for damages to private property, resulting from the construction of a permanent public improvement is in the owner of the property at the time the improvement is constructed, and subsequent lessees and transferees of the property take it as it existed at the time of conveyance or leasing. *M. B. Siegel, Inc. v. City of Chicago* (1927), 325 Ill. 88, 155 N.E. 857, *cert. denied* (1927), 275 U.S. 542, 72 L. Ed. 416, 48 S. Ct. 37; 17 Ill. L. & Prac. *Eminent Domain* §153 (1956).

If the plaintiffs did not know the nature and character of the culvert it could have been ascertained by reasonable investigation before leasing the 70-acre tract. Only slight inquiry would have disclosed the nature of the culvert and its effect upon plaintiffs' leasehold.

Consequently, plaintiffs, as subsequent lessees, are deemed to have known how the culvert would affect the premises and to have assumed the risk of flooding when they voluntarily entered into the lease of the tract. (*Cf. Catello v. Chicago, Burlington & Quincy R.R. Co.* (1921), 298 Ill. 248, 131 N.E. 591.) The value of the land was diminished at the time of plaintiffs' acquisition of a leasehold interest, and the risk of flooding was reflected in the cash rent of only $20 per acre for which plaintiffs claim to have expected a net return of $240 to $360 per acre.

■■ Since the complaint was not founded in tort, and since a subsequent lessee cannot maintain an action founded in eminent domain, we conclude that the complaint failed to state a cause of action. For that reason, the order of dismissal is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.