UNION PACIFIC RAILROAD COMPANY, et al., Plaintiffs,

v.

STATE OF IDAHO, et al., Defendants.

Civ. No. 86–1305.

United States District Court, D. Idaho.

June 25, 1987.

---

Duane A. Bybee, Green Service Gasser & Kerl, Pocatello, Idaho, for plaintiffs.

Brian K. Julian, Quane Smith Howard & Hull, Boise, Idaho, for defendants State of Idaho, Idaho Dept. of Water Resources and Kenneth Dunn, Director.

L. Charles Johnson, Charles Johnson, III, Johnson Olson Robison, Chartered, Pocatello, Idaho, Stephen A. Bywater, Pros. Atty., Cassia County, State of Idaho, Burley, Idaho, for Cassia County and the Individual defendants Beck, Dayley and Adams.

Thomas G. Nelson, Terry T. Uhling, Nelson Rosholt Robertson Tolman & Tucker, Twin Falls, Idaho, for defendant Oakley Canal Co.

## ORDER

RYAN, District Judge.

On April 13, 1987, plaintiffs moved this court for an order revising the Memorandum Opinion and Order of March 4, 1987, 654 F.Supp. 1236. The motion is made pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Defendants filed a response to the motion on April 27, 1987.

█ By their motion, plaintiffs primarily seek a revision of part V of the court's Memorandum Opinion and Order. In that section of the order, the court found that plaintiffs' claim for just compensation for the taking of property in violation of the fifth and fourteenth amendments to the United States Constitution was premature. The court based its ruling on the recent United States Supreme Court opinion of *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). In *Williamson*, the Supreme Court made it clear that a constitutional taking, as provided by the fifth amendment, was not "complete" until the plaintiff had availed himself of the state eminent domain and inverse condemnation procedures. Because the plaintiffs in the instant case had not brought a claim for inverse condemnation in the state court as provided by Idaho law, the federal claim was dismissed as premature. The court adheres to this ruling.

█ It is true that the applicable Idaho statutes, unlike the Tennessee statutes in *Williamson*, do not provide a procedure by which a plaintiff can institute an eminent domain action against the government entity by petitioning for a jury of inquest. It is clear, however, that Idaho law does allow a party to seek damages through an inverse condemnation action. *Renninger v. State*, 70 Idaho 170, 213 P.2d 911 (1950). The availability of the state inverse condemnation action, absent a showing that such an action is inadequate to protect a plaintiff's constitutional interest, is sufficient to satisfy the mandates of the fifth amendment. *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. at 196, 105 S.Ct. at 3122, 87 L.Ed.2d at 145. Accordingly, federal question jurisdiction does not exist pursuant to 28 U.S.C. § 1331.

This court does, however, have jurisdiction over this matter based upon diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. A fair reading of the pleadings set forth by the plaintiffs indicates that claim has sufficiently been made under either the fifth amendment just compensation clause or under state law for inverse condemnation. Indeed, as pointed out by plaintiffs, the term "inverse con-

demnation" is merely a shorthand name for an action in damages against a governmental entity by a landowner whose property has been damaged without payment of just compensation. *Agins v. City of Tiburon*, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980).

■ In a diversity action, the federal district court sits as a state trial court and applies the law of the forum state. *Stoddard v. Stoddard*, 641 F.2d 812 (9th Cir. 1981); *Brady v. Hopper*, 751 F.2d 329 (10th Cir.1984). Accordingly, this court may properly entertain the inverse condemnation claim set forth by plaintiffs, applying the appropriate state law.

Finally, the court will grant plaintiffs' request for revision of that portion of the order dismissing paragraphs IX and X of Count I of plaintiffs' Amended Complaint by adding the words "as they apply to Defendants Cassia County and the County Commissioners." ·

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that the court's Memorandum Opinion and Order of March 4, 1987, should be, and is hereby, AMENDED in the following respects:

"Paragraphs IX and X of Count I of plaintiffs' Amended Complaint should be, and are hereby, DISMISSED as they apply to Defendants Cassia County and the County Commissioners. IT IS FURTHER ORDERED that Count II of plaintiffs' Amended Complaint, to the extent that it asserts a claim under the just compensation clause of the fifth amendment of the United States Constitution, should be, and is hereby, DISMISSED as not ripe for adjudication. Count II of the complaint, to the extent that it asserts a state law claim for inverse condemnation, shall not be dismissed."