921 F.2d 724
 Delbert BIDDISON, Plaintiff-Appellant,
v.
CITY OF CHICAGO, Richard M. Daley, Jay Franke, American
Airlines, Inc., Delta Airlines, Inc., Northwest Airlines,
Inc., Ozark Airlines, Inc., Trans World Airlines, Inc.,
United Airlines, Inc., USAirlines, Inc., Defendants-Appellees.
 No. 89-2831.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 2, 1990.
Decided Jan. 9, 1991.
As Amended Jan. 29, 1991.
 Rehearing Denied Feb. 28, 1991.
 
 Joseph V. Karaganis, A. Bruce White, Ellen L. Zisook, Karaganis & White, Chicago, Ill., for plaintiff-appellant.
 Judson H. Miner, Office of Corp. Counsel, Mitchell Ware, Martin P. Greene, Mark E. Jones, Frank M. Grenard, Josie M. Facianes, Anthony C. Swanagan, Jones, Ware & Grenard, Michael Schneiderman, Michael M. Conway, Albert C. Maule, Jeremiah Marsh, William J. McKenna, Jr., James D. Ossyra, Hopkins & Sutter, Phillip H. Snelling, Asst. Corp. Counsel, Emily Nicklin, Office of Corp. Counsel, Chicago, Ill., for defendants-appellees, City of Chicago, Richard M. Daley and Jay Franke.
 Calvin Sawyier, Philip L. Harris, Winston & Strawn, Chicago, Ill., for defendants-appellees American Airlines, Inc., Delta Airlines Inc., Northwest Airlines, Inc., Ozark Airlines Inc., Trans World Airlines, Inc., USAirlines Inc. and United Air Lines.
 Before WOOD, Jr., COFFEY, and FLAUM, Circuit Judges.
 FLAUM, Circuit Judge.
 
 
 1
 In 1985, Plaintiff Delbert Biddison filed suit under 42 U.S.C. Sec. 1983 in the federal district court against the City of Chicago and others, alleging that the noise from airline operations at O'Hare Airport had violated his constitutional rights. All but one of the original eight counts was dismissed, and the remaining claim, the subject of this appeal, is that the City violated Biddison's fifth amendment rights by taking his property without just compensation.[1]
 
 I.
 
 2
 In 1965, Biddison purchased a home in Des Plaines, Illinois, near O'Hare Airport. At that time, O'Hare was already the world's busiest airport. In 1970, runway 22R/4L was constructed. Biddison's home is located 1 1/2 miles from the end of this runway. He alleges that the noise from airline traffic at O'Hare was loud, but tolerable, until approximately 1984 when the noise became unbearable. Shortly thereafter, Biddison claims, he brought suit against the City for taking his property.
 
 
 3
 The City filed a motion for summary judgment, arguing that Biddison's residence had been subjected to the same general noise levels since at least 1979. Under the City's theory, if there was a taking of Biddison's property, it occurred no later than 1979 and, since Biddison did not file his complaint until 1985, the applicable five-year statute of limitations had run.
 
 
 4
 The district court entered summary judgment for the City, agreeing that the overall noise levels at Biddison's residence were relatively constant over the six-year period, and that Biddison failed to file his action within five years. In so holding, the district court credited a set of noise contour maps the City had prepared and submitted to support its claim that noise levels were constant, despite Biddison's contention that the maps were unreliable. Conversely, the court declined to credit affidavits that Biddison and his neighbors filed in which they stated that they subjectively felt that noise levels had increased in 1984 and 1985.
 
 
 5
 The district court noted in a closing footnote that there was a possibility that Biddison's taking claim was not ripe under the Supreme Court's decision in Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (establishing a two-pronged test to determine whether a taking claim is ripe for adjudication). The incongruity of holding that Biddison's claim was too early as well as too late was not lost on the district court: the court specifically disavowed resting its decision on this alternative ground. Noting that the issue had not been raised by either party, the court stated that it need not consider the issue.
 
 II.
 
 6
 On appeal, the parties focus their arguments on the district court's holding that Biddison's taking claim was timebarred. We need not reach this issue, however, if the district court's hunch was correct: if the case is not yet ripe for purposes of article III, we should dismiss the case for lack of subject matter jurisdiction. Unity Ventures v. County of Lake, 841 F.2d 770, 774 (7th Cir.) ("Ripeness, as an element of the case or controversy requirement of Article III of the Constitution, is an issue we must address."), cert. denied, 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution."), cert. denied, --- U.S. ----, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989).[2] We thus turn to the question whether Biddison's taking claim is ripe for adjudication.
 
 
 7
 In Williamson County, supra, a real estate developer brought suit against a county zoning commission, alleging that the commission, in applying certain provisions of a zoning ordinance to the developer's property, had deprived the developer of its property without just compensation in violation of the fifth amendment. 473 U.S. at 182-83, 105 S.Ct. at 3114-15. The developer had received preliminary approval for a proposed plat of the property, but this approval was subsequently rescinded on grounds that the plat failed to meet a number of the zoning standards embodied in a new zoning ordinance. Instead of applying for available variances, the developer appealed the commission's decision to a zoning appeals board. The appeals board agreed with the developer's arguments and held that the plat should be analyzed under the earlier ordinance. On remand, however, the commission refused to abide by the board's decision on jurisdictional grounds. The developer then brought suit under section 1983 in federal district court.
 
 
 8
 The Supreme Court declined to reach the merits of the case, focusing instead on the issue of ripeness. Id. at 185, 105 S.Ct. at 3115. The Court held that the developer's claim was premature for two reasons. First, by failing to apply for available zoning variances, the developer had failed to obtain "a final decision regarding how it will be allowed to develop its property." Id. at 190, 105 S.Ct. at 3118. The Court cautioned that this was not a requirement that the developer "exhaust" administrative remedies.[3] Instead, the developer was only required to obtain a final decision from the commission, and until the developer was told definitively whether the obstacles to the plat would be ignored (i.e., whether the commission would grant one or more variances), the developer did not have a final decision from the relevant decisionmaker. It is only when "the initial decisionmaker has arrived at a definitive position on the issue that ... an actual, concrete injury [has occurred]." Id. at 193, 105 S.Ct. at 3120.
 
 
 9
 The other reason the claim was premature, according to the Court, was that the developer had failed to ascertain whether the State would provide just compensation for the alleged taking. The Court noted that the fifth amendment prohibits only government takings unaccompanied by just compensation; however,
 
 
 10
 [i]f the government has provided an adequate process for obtaining compensation, and if resort to that process "yield[s] just compensation," then the property owner "has no claim against the Government" for a taking. [Ruckelshaus v.] Monsanto, 467 U.S. at 1013, 1018, n. 21 [104 S.Ct. 2862, 2878, 2881, n. 21, 81 L.Ed.2d 815 (1984) ].... [I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and has been denied just compensation.
 
 
 11
 Id. at 194-95, 105 S.Ct. at 3120-21.[4] The Court concluded that the developer's claim was not ripe since the State provided an inverse condemnation action for aggrieved property owners, and the developer failed to avail itself of this remedy before bringing its section 1983 action in federal court.
 
 
 12
 Applied to the facts in this case, the second prong of the Williamson County analysis suggests that Biddison's claim is not yet ripe for adjudication. As the district court noted in its closing footnote, Illinois provides an inverse condemnation action for aggrieved property owners who are harmed by a municipality's actions. Ill.Const.1970, art. I, Sec. 15; see, e.g., Hoekstra v. County of Kankakee, 48 Ill.App.3d 1059, 8 Ill.Dec. 315, 365 N.E.2d 553 (1977) (takings clause of state constitution is self-executing and government cannot claim immunity as a defense). We assume without holding that this remedy is available to Biddison; neither he nor the City contends that the Illinois statute of limitations has lapsed on this action or that the remedy is otherwise unavailable or inadequate.
 
 
 13
 The parties concede that Biddison did not avail himself of this state remedy before he filed his section 1983 action in federal court. Since "[t]he nature of the constitutional right [to just compensation] requires that a property owner utilize procedures for obtaining compensation before bringing a Sec. 1983 action," Williamson County, 473 U.S. at 194 n. 13, 105 S.Ct. at 3120 n. 13, we hold that Biddison's claim is not yet ripe for adjudication. Biddison must seek "just compensation" from the State before pursuing a section 1983 action for violation of his federal constitutional rights.
 
 
 14
 The City maintains, however, that just because a claim is not yet ripe for adjudication does not mean that the claim does not "accrue" for purposes of the statute of limitations. The City therefore contends that the district court's holding that Biddison filed his complaint after the expiration of the statute of limitations should be affirmed. To support this argument, the City contends that Williamson County is not directly controlling on the statute of limitations issue, and in any event, "absurd results" would follow if we applied the Williamson County ripeness doctrine to the accrual of a cause of action founded on an avigation easement taking claim.[5] Biddison counters that Williamson County stands for the proposition that a fifth amendment taking claim does not "exist" until the State denies just compensation, and that therefore the claim cannot accrue for purposes of the statute of limitations until the latter date.
 
 
 15
 No cases have been brought to our attention that discuss the application of Williamson County to the accrual of an avigation easement taking claim. Since Williamson County was decided, however, several regulatory taking cases hold that a taking accrues at the same time that it ripens. Judge--now Justice--Kennedy, writing for the panel in Norco Construction v. King County, 801 F.2d 1143 (9th Cir.1986), concluded that "[i]n suits for wrongful deprivation of property under 42 U.S.C. Sec. 1983, the same considerations that render a claim premature prevent accrual of a claim for limitations purposes, and the claim does not accrue until the relevant governmental authorities have made a final decision on the fate of the property." Id. at 1146. The court in Norco therefore reversed the district court's holding that the regulatory taking claim accrued when the applicable zoning ordinance was passed; instead, the court held that the plaintiff "was entitled, indeed required, to await the final decision of the county without commencement of the statute of limitations." Id.; see also Corn v. City of Lauderdale Lakes, 904 F.2d 585, 588 (11th Cir.1990) (plaintiff's action accrued at the issuance of the state appellate court's decision invalidating the zoning ordinance in question); McMillan v. Goleta Water Dist., 792 F.2d 1453, 1457 (9th Cir.1986) (error for district court to calculate limitations period from date water service was interrupted rather than date water district rendered final decision not to restore service), cert. denied, 480 U.S. 906, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987); cf. Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 463 (7th Cir.1988) ("The taking is complete when it occurs, and the duty to pay just compensation arises then, ... but the suit for just compensation is not ripe until it is apparent that the state does not intend to pay compensation....").
 
 
 16
 Not having availed himself of the inverse condemnation action provided in Illinois, Biddison's federal taking claim is not ripe and has not yet accrued for purposes of the statute of limitations. His federal claim will ripen, and the statute of limitations will begin to run, if and when Biddison is denied just compensation by the state courts.
 
 III.
 
 17
 The case is REMANDED with instructions to DISMISS for lack of subject matter jurisdiction.
 
 
 
 [1]
 Plaintiff's notice of appeal identifies this claim, titled "Count III" in the complaint, as the sole claim on appeal. See Fed.R.App.P. 3(c). The substance of plaintiff's other claims were appealed in a companion case. See Bieneman v. City of Chicago, 864 F.2d 463 (7th Cir.1988), cert. denied, 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989)
 
 
 [2]
 The ripeness doctrine is used by federal courts to "enforce prudential limitations upon their jurisdiction." Peick v. Pension Benefit Guaranty Corp., 724 F.2d 1247, 1261 (7th Cir.1983), cert. denied, 467 U.S. 1259, 104 S.Ct. 3554, 82 L.Ed.2d 855 (1984). The source of the doctrine has been disputed: "It is unclear to what extent the ripeness doctrine is derived from the 'case or controversy' requirement of Article III and to what extent it is a judicially created tool for avoiding decisions in cases which a particular court may feel lack an 'optimal' factual setting." Id. at 1261 n. 15
 
 
 [3]
 The developer was not required to employ administrative or judicial procedures that are "remedial" in nature (i.e., seeking review of the adverse decision), since this would have constituted a requirement to exhaust available state remedies
 
 
 [4]
 The Court analogized to Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a case involving a procedural due process claim under the fourteenth amendment. The Court reasoned that
 a person deprived of property through a random and unauthorized act by a state employee does not state a claim under the Due Process Clause merely by alleging the deprivation of property. In such a situation, the Constitution does not require predeprivation process because it would be impossible or impracticable to provide a meaningful hearing before the deprivation. Instead, the Constitution is satisfied by the provision of meaningful postdeprivation process. Thus, the State's action is not "complete" in the sense of causing a constitutional injury "unless or until the state fails to provide an adequate postdeprivation remedy for the property loss." Hudson v. Palmer, 468 U.S. 517, 532, n. 12, 104 S.Ct. 3194, 3203, n. 12, 82 L.Ed.2d 393 (1984). Likewise, because the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State's action here is not "complete" until the State fails to provide adequate compensation for the taking.
 Williamson County, 473 U.S. at 195, 105 S.Ct. at 3121.
 
 
 [5]
 The City is unable to provide any authority for its argument that Williamson County should not be applied to an avigation easement taking claim. In Bieneman v. City of Chicago, 864 F.2d 463 (7th Cir.1988), cert. denied, 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989), we held that an avigation easement claim was barred by the applicable five-year statute of limitations, without discussing or citing Williamson County. The City claims that this fact supports its view that the Williamson County ripeness doctrine does not apply to avigation easement claims. This argument is unfounded, however. Simply because the Bieneman court did not discuss the ripeness issue does not mean that the court found it inapplicable. It seems more plausible that neither the lower court nor the parties on appeal brought the ripeness issue to the court's attention