940 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sybil BRADLEY, Plaintiff-Appellant,
v.
CITY OF STANFORD, KENTUCKY, Defendant-Appellee.
 No. 90-6510.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a district court judgment dismissing a civil rights action brought pursuant to 42 U.S.C. Sec. 1983 and Kentucky law. The complaint sought monetary relief for an alleged taking of property that occurred when the defendant's sewer system caused sewage to back up into the plaintiff's residence. Concluding that the plaintiff had failed to state a cause of action under Sec. 1983, the district court dismissed the plaintiff's federal claim pursuant to Rule 12(b)(6), Fed.R.Civ.P.; the court also dismissed the cause of action based upon Kentucky law, but did so without prejudice to the future assertion of that claim in state court.
 
 
 2
 The plaintiff presents one argument on appeal: that the district court erred in concluding that she had failed to state a claim under federal law. We do not reach this argument, because we find that the district court lacked subject matter jurisdiction over the case as it then stood. We shall therefore vacate the judgment of the district court and remand the case with instructions to dismiss it for want of jurisdiction.
 
 
 3
 Plaintiff Sybil Bradley is a resident of Stanford, Kentucky. In August of 1990 she filed a complaint in federal district court against the City of Stanford, alleging that the city's negligent operation of and failure to maintain its sewer system had caused sewage to back up into her home, damaging her property. Counts One and Three of the complaint sought damages pursuant to 42 U.S.C. Sec. 1983 and the Takings Clause of the Fifth Amendment. Count Two prayed for similar relief pursuant to Kentucky law.
 
 
 4
 The city moved to dismiss the complaint pursuant to Rules 12(b)(1), (2), and (6), Fed.R.Civ.P. Agreeing that the plaintiff had failed to state a claim under federal law, the district court granted the motion without prejudice to any claims the plaintiff might wish to assert in state court.
 
 
 5
 The plaintiff then moved to vacate the judgment and to amend the complaint. The district court denied both motions, and this appeal followed.
 
 II
 
 6
 The Fifth Amendment provides, in pertinent part, that "private property [shall not] be taken for public use without just compensation." Although this provision applies directly only to the federal government, its coverage extends to the states pursuant to the Fourteenth Amendment. Calvert Investments, Inc. v. Louisville and Jefferson County Metropolitan Sewer District, 847 F.2d 304, 307 (6th Cir.1988).
 
 
 7
 The Supreme Court's decision in Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-95 (1985), teaches that the Fifth Amendment
 
 
 8
 "does not proscribe the taking of property; it proscribes taking without just compensation.... [I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of [the Amendment] until it has used the procedure and been denied just compensation."
 
 
 9
 Put differently, unless a plaintiff can show that state remedies are unavailable or inadequate, the exhaustion of those remedies is a jurisdictional prerequisite to the maintenance of a Sec. 1983 action in federal court. Id. at 197. Accord, Biddison v. City of Chicago, 921 F.2d 724, 728-29 (7th Cir.1991); Gilbert v. City of Cambridge, 932 F.2d 51, 63-65 (1st Cir.1991).
 
 
 10
 One remedy typically provided by the states is a cause of action for inverse condemnation, which allows a property owner to obtain compensation for takings that occur without the formal exercise of the power of eminent domain. See, for example, Hammond v. Baldwin, 866 F.2d 172, 179 (6th Cir.1989). Our court has held that "the 'availability of a state inverse condemnation action, absent a showing that such action is inadequate to protect constitutional rights, is sufficient to satisfy the mandates of the Fifth Amendment.' " Id., quoting Union Pacific R.R. Co. v. State of Idaho, 663 F.Supp. 75, 76 (D.Idaho 1987).
 
 
 11
 Kentucky law provides a cause of action for inverse condemnation. Hammond, 866 F.2d at 179; Commonwealth v. Stearns Coal and Lumber Co., 678 S.W.2d 378 (Ky.1984), appeal dismissed, 473 U.S. 921 (1985). In the instant case, neither the original complaint filed with the district court nor the proposed amended complaint tendered by the plaintiff alleges that this remedy would be inadequate or unavailable. The plaintiff's Sec. 1983 claim is therefore premature. Williamson, 473 U.S. at 197.
 
 
 12
 The judgment of the district court dismissing the complaint for failure to state a claim is VACATED, and the case is REMANDED with instructions to dismiss the complaint for lack of subject matter jurisdiction.
 
 
 
 *
 The Honorable James Harvey, Senior United States District Judge for the Eastern District of Michigan, sitting by designation