**Antoinette VIGILANTE, Plaintiff,**

v.

**VILLAGE OF WILMETTE, an Illinois Municipal Corp., Defendant.**

**No. 99 C 7447.**

United States District Court, N.D. Illinois, Eastern Division.

March 9, 2000.

---

Susan Marie Connor, John Marshall Law School, Chicago, IL, for Plaintiff.

James L. DeAno, Norton, Mancini, Argentati, Weiler & DeAno, Wheaton, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

In March 1999, Ms. Vigilante bought two parcels of land in Wilmette, Illinois, demolished the existing single family home that had been built across the two parcels, and then petitioned the Village of Wilmette (the "Village") to allow separation of ownership so that she could build two separate single family units. The Village denied her petition in September 1999. She then filed this lawsuit in Illinois state court for declaratory relief and damages, alleging violation of the takings, due process, and equal protection clauses of the Illinois and federal constitutions and of 42 U.S.C. § 1983. The Village removed the action to this court, and now moves to dismiss for lack of subject matter jurisdiction or failure to state a claim. I grant the motion.

The Village argues that Ms. Vigilante's federal takings and due process claims fail the United States Supreme Court's special ripeness doctrine for constitutional property rights claims, *see Williamson County Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Under this doctrine, such claims cannot be heard until: (1) the regulatory agency has had an opportunity to make a considered definitive decision, and (2) the property owner exhausts available state remedies for compensation. *Id.* at 193–94. The requirement applies equally to takings and due process clause claims. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir.2000) ("Labels do not matter."). A person contending that state or local regulation of the use of land has gone overboard "must repair to state court." *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir.1994). Federal courts, relying on *Williamson*, have dismissed the vast majority of takings claims brought in federal court. *See generally* John J. Delaney & Duane J. Desiderio, "Who Will Clean Up the Ripeness Mess? A Call for Reform So Takings Plaintiffs Can Enter the Federal Courthouse," 31 *Urb. Law.* 195 (1999).

I do the same here. Ms. Vigilante has not exhausted her state remedies. No constitutional violation occurs "until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action." *Williamson*, 473 U.S. at 194 n. 13, 105 S.Ct. 3108; *see also Gamble v. Eau Claire County*, 5 F.3d 285, 286 (1993). Illinois provides an inverse condemnation action for aggrieved property owners who are harmed by a

municipality's actions. *Biddison v. City of Chicago,* 921 F.2d 724, 727–28 (7th Cir. 1991) (*citing* Ill. Const. art. I, § 15; *see Westwood Forum, Inc. v. City of Spring-field,* 261 Ill.App.3d 911, 199 Ill.Dec. 800, 634 N.E.2d 1154 (1994)). Ms. Vigilante has not used it.

▮ Ms. Viligante does not claim that this remedy is otherwise unavailable or inadequate. She argues instead that she did seek a variance from the Village, which was denied, and then filed this § 1983 lawsuit alleging federal and state constitutional violations in state court, from which it was removed by the defendant. But that won't do. When a property owner alleges that general regulation (such as zoning) affects his land in some special way, "the claim is not ripe until *all* efforts to avoid the restriction or obtain compensation for it have been exhausted." *Marusic Liquors, Inc. v. Daley,* 55 F.3d 258, 260 (7th Cir.1995) (emphasis added). Ms. Vigilante must seek " 'just compensation' from the State before pursuing a section 1983 action for violation of her federal constitutional rights," *Biddison,* 921 F.2d at 728, including prosecution of a state law inverse condemnation proceeding. Because she has not done so, her federal takings and due process claims are unripe, and must therefore be dismissed for lack of subject matter jurisdiction.

I now consider Ms. Viligante's equal protection claim. The Seventh Circuit has read *Williamson* broadly, rejecting attempts to label takings claims as "equal protection" claims. *Forseth,* 199 F.3d at 370. But she may evade the *Williamson* requirement if it is a bona fide equal protection claim and not merely an attempt to get a takings clause claim under the radar. *See Hager v. City of West Peoria,* 84 F.3d 865 869–70 (7th Cir.1996) (concerning differential fees charged for the use of heavy trucks). In *Hager,* the Seventh Circuit found that the plaintiff had stated a "real" equal protection claim, first, because he sought primarily injunctive relief rather than damages, and second, because "plaintiffs' claim would evaporate if the city

treated everyone equally, that is, actually collected the fee from every heavy truck." 84 F.3d at 870. Ms. Vigilante primarily does seek declaratory relief. She also gives instances of other similar essentially properties where the variance she was denied was granted. I must accept these claims, which the Village does not dispute, as true for the purpose of this a motion. If Ms. Viligante was denied a variance granted to other similarly situated property owners, her claim would evaporate if the Village treated everyone equally. Her equal protection claim does, therefore, evade the *Williamson* ripeness requirement.

▮ But this does not get Ms. Vigilante very far. Economic or social legislation is normally presumed to be constitutional and will be upheld if it is rationally related to a legitimate state interest. *Douglas by Douglas v. Stallings,* 870 F.2d 1242, 1245 (7th Cir.1989). In the area of economics and social welfare, a State does not violate the equal protection clause "merely because the classifications made by its law are imperfect." *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). "If the classification has some 'reasonable basis,' it does not offend the Constitution simply because ... 'in practice it results in some inequality.' " *Id.* Without a fundamental right or a suspect class, "to demonstrate a viable equal protection claim in the land-use context", the plaintiff must demonstrate "governmental action wholly impossible to relate to legitimate governmental objectives." *Forseth,* 199 F.3d at 370–71. Economic regulation will be upheld, even without any express findings or legislative history, if there is any reasonably conceivable state of facts that could provide a rational basis for the legislation. *Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Express, Inc.,* 181 F.3d 799, 806 (7th Cir.1999).

▮ Ms. Vigilante does not argue that this case implicates fundamental rights or suspect classes. Her equal protection claim is based on bare unequal treatment.

In support of the proposition that the denial of her variance flunks the rational basis test, she refers me to the following two paragraphs of her complaint: "(34) The lot separation that Plaintiff proposes would not harm the value of the property of its adjacent or surrounding neighbors; (35) ... [or] cause any detriment to the public health, safety, or welfare." On a motion to dismiss, I must assume that these claims are true, but even so, this does not mean that Ms. Viligante has pled governmental action "wholly impossible to relate to legitimate governmental objectives." It might be just that the Village thinks that the sort of development Ms. Vigilante requested would be inappropriate in the particular circumstances, and that therefore a variance is not called for. Perhaps the Village is concerned about the character of the neighborhood, something it does not think was affected by the previous variances, but would be affected by granting hers. The cumulative effect of small changes, each of which by itself is insignificant, may make a difference here. The denial is therefore rationally related to a legitimate government objective supported by a reasonably conceivable set of fact, and the regulation must be upheld. Therefore I must dismiss Ms. Vigilante's federal equal protection claim for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Because I have disposed of Ms. Vigilante's constitutional claims, her § 1983 claim also must be dismissed. I decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c).

I therefore dismiss Ms. Vigilante's count IV, insofar as it implicates the federal equal protection clause, for failure to state a claim, and I dismiss count IV, insofar as it implicates only state law, and counts I–III and V, for lack of subject matter jurisdiction.